**A. RAYMOND, Charles Blum, Harold Jacoby, George Bucher, Stephen Mato and John Dulczak, Trustees of Local 837 Pension Fund, a trust fund, Plaintiffs, and Howell Manufacturing Company, Robert John Manufacturing Co., corporations, Intervenor Plaintiffs, and Joseph English, Florence Hawkins, Angelo Pepe, James Marion, James McElroy, Clarence Wiggans, Anne Gemsenjager, Elizabeth Picariello, John Cicco, David Rieser, and Vincent Gogliuzza, as representatives of a class, Intervenor Plaintiffs,**

v.

**Sal B. HOFFMANN, Chairman, and A. J. Becker, Ralph O. Campbell, H. J. Malerstein, Lee Henson, Grant G. Simmons, Jr., R. Alvin Albarino, Martin L. Garber, and Henry W. Conrad, members, constituting the Board of Governors of the U. I. U. National Pension Trust, a trust fund, Defendants.**

Civ. A. No. 37356.

United States District Court
E. D. Pennsylvania.

Feb. 9, 1967.

See also D.C., 284 F.Supp. 596.

Edward B. Bergman, Philadelphia, Pa., for plaintiffs and intervenor plaintiffs Joseph English and others.

David Berger, Philadelphia, Pa., for intervenor plaintiffs.

Harold Berger, Irving L. Mazer, Philadelphia, Pa., for Howell Mfg. Co., and others, intervenor plaintiffs.

Ehrenreich, Sidkoff, Edelstein & Shusterman, Philadelphia, Pa., for Display Mfrs., Inc. and Metalstand Corp.

Erwin Lodge, Philadelphia, Pa., for Victory Metal Mfg. Corp.

Edward W. Madeira, Jr., Philadelphia, Pa., for Kroehler Mfg. Co.

M. H. Goldstein, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER SUR DEFENDANTS' MOTION, IN THE ALTERNATIVE, (1) TO DISMISS INTERVENORS' COMPLAINT; OR (2) TO STAY PROCEEDINGS ON INTERVENORS' COMPLAINT (Document 35)

VAN DUSEN, District Judge.

The factual background of this case is set forth at pages one through five of the Memorandum Sur Defendant's Motion under Rule 12(b) (Document 23).

The above-named individual intervenors are representatives of a class "composed of all persons who were, on December 1, 1964, production employees of the nineteen employers named in Exhibit D attached to the original Complaint in this case" (Document 5, ¶ 1). They were permitted to intervene as plaintiffs in this case by this court's order of March 28, 1966 (Document 24). Their Complaint (Document 5) is the target of the above alternative motions of the defendants.

Intervenors have adopted as the first three counts of their Complaint the three counts of the original Complaint in this action filed by the Trustees of the Local 837 Pension Fund. Defendants have moved to dismiss the first three counts of Intervenors' Complaint on the same grounds upon which they moved to dismiss the original Complaint. An order identical to the one entered on the motion to dismiss the original Complaint will be entered on defendant's motion to dismiss the first three counts of Intervenors' Complaint.[1]

The fourth count of Intervenors' Complaint, to which the defendants have raised several objections, alleges in paragraph four thereof:

"4. This Count is based upon a breach of the duty of fair representation, which all the defendants, both the union Governors and the employer Governors, of the U. I. U. National Pension Trust, owe to the employees in the intervening class. The said duty of fair representation is a fiduciary duty, which obliges the defendants herein to represent, and to act for, the employees for whose benefit the Pension Trust was created, fairly, equitably, and honestly, and without unfair or hostile discrimination against any group of them. The fiduciary relationship is stated expressly in the Trust Indenture establishing the U. I. U. Pension Trust (Exhibit B attached to the original Complaint) which is a contract between an employer and a labor organization within the provisions of Section 301. And a similar fiduciary relationship, as to the Union Governors, of the Trust, arises out of the position as exclusive bargaining representative which the Upholsterers International Union occupied, with respect to the intervening class, at all times material hereto."

■■ The "duty of fair representation" as that term is commonly understood in the field of labor law is a duty owed by a *labor union* to those persons for whom it is collective bargaining representative.[2] The defendants in this case are, and are sued as, the Board of Governors of the U. I. U. National Pension Trust (Document 1, ¶ 3). Some of them are officials of the U. I. U., and some of them are employers or officers of employers who subscribe to the U. I. U. National Pension Program. In their capacity as trustees of the U. I. U. Pension Trust, defendants are not representatives of the U. I. U. See United Marine Division, etc. v. Essex Transportation Co., 216 F.2d 410 (3rd Cir. 1954). Therefore, insofar as the fourth count of Intervenors' Complaint is based upon breach of "the duty of fair representation," it will be dismissed.[3] How-

1. See Memorandum and Order of March 25, 1966, being Document 23. Many of the objections to Intervenors' Complaint raised in defendants' motions have already been ruled on by the undersigned in previous proceedings in this case. No further discussion of such objections is required.

2. See Steele v. Louisville & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944).

3. Intervenors cite no authority for ascribing the "duty of fair representation" to a group like the defendants, and, in fact, admit that application of that duty to defendants would be novel (Brief of Intervenor Plaintiffs, Document 43, p. 9). Moreover, the intervenors admit that "there is no real difference in principle" between what they designate as the duty of fair representation and "the duties imposed by law upon any trustee in dealing with beneficiaries whom they represent" (Brief for Intervenor Plaintiffs, Document 43, p. 10).

ever, the fourth count will not be dismissed insofar as it alleges a breach by the defendants of a fiduciary duty to administer the trust fairly for the benefit of all the beneficiaries, i. e., all covered employees. It may be shown at trial that the defendants breached such a duty imposed upon them by either the terms of the U. I. U. Pension Trust Indenture[4] or § 302 of the Taft-Hartley Act (29 U.S.C. § 186), or both.

■ Defendants' contention that paragraph G of Article X of the U. I. U. Trust Indenture requires that any claim against the trustees for breach of their obligation to administer the trust impartially be brought only in the courts of the Commonwealth of Pennsylvania is not supported by the language of that provision. Paragraph G of Article X provides as follows:

"G. The Trust created in this Indenture is an irrevocable trust created and accepted in the Commonwealth of Pennsylvania and all questions pertaining to the validity or construction of this Indenture and of the acts and transactions of the parties hereto shall be determined in accordance with the laws of the said Commonwealth."

This paragraph merely states what law shall govern; it does not refer to the forum.[5]

■ Nor is defendants' contention that intervenors' failure to submit their claims to the Board of Governors of the Trust, i. e., the defendants, as allegedly required by paragraph H of Article X of the U. I. U. Trust Indenture, pre-

cludes them from bringing this suit supported by the language of the provision relied on. Paragraph H begins: "All questions or controversies *pertaining to claims for pensions* under the program shall be submitted to the Board for decision * * *."[6] Since intervenors are not seeking by this suit to obtain payments to themselves in the form of pensions, that clause has no application here. In any event, it would be useless to require these intervenors to submit their claims to the Board of Governors when that body has already refused to do what intervenors demand in their *Complaint*, i. e., turn over the aliquot portion to the trustees of the Local 837 Pension Trust, and is, in fact, resisting that demand to the point of litigation. See, also, Boeing Company v. International Union, U. A. W., 370 F.2d 969 (3rd Cir. 1967).

The briefs of the parties concerning the above Motion have been filed as Documents 42 to 44, with the letter of November 29 attached to Document 43 and the letter of December 1 attached to Document 44.

### ORDER

And now, February 9, 1967, it is ordered that:

(a) to the extent that paragraph I(1) of the Motion to Dismiss Intervenors' Complaint (Document 35) seeks dismissal of the third count of such Complaint, it is granted and the third count of the Intervenors' Complaint (attached to Document 5) is dismissed;

(b) to the extent that the fourth count of the Intervenors' Complaint alleges

---

4. Cf. Commonwealth of Pennsylvania v. Brown, 260 F.Supp. 323, 334–336 (E.D. Pa.1966), indicating that where substantial questions of federal policy are involved, a claim of this nature may be resolved by a federal court, even though it may be based on state law.

5. It is noted that Article IX, paragraph A, provides in part:
   " * * * that if the Union or the Participating Employers fail to exercise their respective right to select one

or more of their respective representatives to the Board of Governors, then in that event a majority of the remaining Governors shall have the right to apply to the *United States District Court for the Eastern District of Pennsylvania* to cause the selection of such representatives, and said Court shall have the power to cause the selection of such representatives; * * *." (Emphasis added.)

6. Emphasis added.

breach of "the duty of fair representation," as defined in the foregoing opinion, such fourth count is dismissed; and

(c) in all other respects, the Motion to Dismiss Intervenors' Complaint and To Stay Proceedings on Intervenors' Complaint (Document 35) is denied.

