**Budd MOYER et al.**

v.

**Richard KIRKPATRICK et al.**

**Civ. A. No. 41265.**

United States District Court
E. D. Pennsylvania.
March 17, 1967.

---

4. See also, respondent's requested finding of fact No. 28.

John J. O'Brien, Jr., Nicholas G. Petrella, Philadelphia, Pa., for plaintiffs.

Geoffrey J. Cunniff, Bala-Cynwyd, Pa., and Richard Kirschner, Philadelphia, Pa., for defendant-trustees.

Alfeo P. Libetti, Philadelphia, Pa., for defendant Kirkpatrick (Individually).

## OPINION

LUONGO, District Judge.

Plaintiffs, two members of a bricklayers union, instituted this suit for declaratory judgment. The gravamen of the complaint is that trustees of a jointly administered health and welfare fund (Fund) have acted improperly in refusing to accept payments into the Fund from certain employers and in setting certain requirements for eligibility for benefits. Plaintiffs claim that as a consequence of such improper actions of the trustees, they are ineligible for benefits to which they would otherwise be entitled.

Certain of the defendant trustees (present and former) have moved to dismiss[1] the action for lack of jurisdiction; for failure of the complaint to state a claim upon which relief can be granted; and because the matter is not a proper one for declaratory judgment.

The Fund was established in 1950 under a trust agreement between Employ-

---

[1] One defendant has answered admitting the allegations of the complaint; another has attempted to dismiss counsel for the Fund and to have the motion to dismiss the complaint withdrawn so that he may file a similar answer. The admissions and attempted admissions are of no significance here since the motion to dismiss raises legal questions and admits, for purposes of argument, the factual allegations.

ing Bricklayers Association of Delaware Valley, a Pennsylvania corporation (EBA), and Bricklayers Local 12 of Pennsylvania (Chester Local) of the Bricklayers, Masons and Plasterers International Union of America (International). EBA entered into the agreement as the bargaining representative of its members and of such other employing bricklayers who might thereafter subscribe to the agreement.

Since August 1965, plaintiffs have been employed by non-EBA non-subscribing bricklayer employers. The trustees have refused to accept payments from such employers.[2] Further, on June 23, 1966, the trustees amended the rules to increase substantially (from 90 to 140) the number of hours of employment per month required to maintain eligibility for benefits. By reason of the trustees' refusal to accept payments from such employers on behalf of plaintiffs, and by reason of the increase in the number of hours of employment necessary to maintain eligibility, plaintiffs' entitlement to benefits under the Fund has been seriously impaired or lost.

Plaintiffs seek a declaratory judgment requiring the trustees to accept contributions from non-EBA, non-subscribing employers and to decrease the number of hours of employment required for eligibility.

*Jurisdiction.*

Plaintiffs contend that the Welfare and Pension Plans Disclosure Act, as amended[3] (Disclosure Act), particularly § 9(c)[4] thereof, gives this court jurisdiction to entertain this suit.

The Disclosure Act sets forth requirements for publication of information and furnishing of reports concerning welfare plans to beneficiaries. For failure to furnish such information to a beneficiary, upon request, the administrator of a plan is subjected to liability to pay $50 a day to the beneficiary from whom the information has been withheld, suit for which may be maintained by the aggrieved beneficiary in any court of competent jurisdiction. Sections 9(b) and (c)[5] of the Disclosure Act. The right to maintain suit under § 9(c) of the Disclosure Act is a narrow and limited one, "to recover * * * liability" for failure of the administrator to comply with the reporting and disclosure requirements of that Act.

The instant complaint does not charge violation of any of the reporting and disclosure requirements nor does it seek to recover the amount provided in § 9(b) as damages or penalty for the withholding of the required information; it seeks, instead, court review of the business judgments of the administrators of the Fund and court regulation of the Fund's operations. Such broad regulatory power is not expressly conferred by the Disclosure Act nor may it be implied as reasonably necessary to accomplish the purpose of the Act. The legislative history discloses that the aim of the Act was narrow, that Congress intended to confine it to a disclosure and reporting function. The minority report on the Senate Bill (S2888) and the report on the House Bill (HR13507) (see 1958 U.S.Code Cong. and Adm.News 4137, 4168–4169, and 4189), indicate such a limitation, as does the statement of policy in the Act itself.[6] In light of the restricted

2. The trustees have also refused to accept payments from Chester Local on behalf of Chester Local's employees. Neither Chester Local nor its employees have complained of such refusal.

3. 29 U.S.C.A. §§ 301–309.

4. 29 U.S.C.A. § 308(c).

5. 29 U.S.C.A. § 308(b) and (c).

6. Section 2 of the Disclosure Act, 29 U.S. C.A. § 301, sets forth Congressional policy:
   "(a) * * *
   "(b) It is declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee welfare and pension benefit plans and their beneficiaries, *by requiring the disclosure and reporting to partici-*

aim of the Act, I do not believe that Congress intended, by its enactment, to confer upon the courts broad regulatory power over the operation of welfare funds.

■ Apparently recognizing that the Disclosure Act affords a doubtful basis for jurisdiction, plaintiffs in their brief ask leave to amend the complaint to assert, as an alternative basis for jurisdiction, § 302(e) [7] of the Labor-Management Relations Act of 1947 (LMRA), which gives the district courts of the United States jurisdiction to restrain violations of LMRA § 302.[8] The purpose of LMRA § 302 is to prohibit payments or loans by employers to employee representatives, labor organizations, employees or groups of employees, with certain enumerated exceptions. One of the exceptions permits payments to jointly administered trust funds for the benefit of employees (LMRA § 302(c) (5)).[9] From that reference to trust funds, plaintiffs conclude and argue, in effect, that § 302(e)'s jurisdiction is broad enough to encompass any suit relating to administration of such funds. Some cases have interpreted § 302(e) as giving the district courts power to prevent improper expenditures from such funds,[10] and to restrain arbitrary and capricious action concerning entitlement to benefits,[11] but generally that section has not been construed as conferring jurisdiction to supervise and regulate internal administration.[12]

■■ The evident purpose of LMRA § 302 is to prohibit payments by employers to employee representatives and thereby eliminate a source of improper influence in employer-employee relations. The district court's jurisdiction to restrain "violations" of LMRA § 302 was clearly designed to prevent the prohibited payments, not to oversee or to regulate permitted payments. Concededly whatever payments were made by employers here were made to a jointly administered trust fund. Since such payments are expressly permitted, and since the court's jurisdiction is limited to restraining "violations," the court has no jurisdiction to inquire further. But even if LMRA § 302(e) be construed to give the district court general jurisdiction over suits involving welfare funds, as plaintiffs contend, this complaint must nevertheless be dismissed for failure to state a claim upon which relief can be granted.

*Failure to State a Claim.*

Plaintiffs' major complaints are that the trustees have refused to accept payments into the Fund from non-EBA, nonsubscribing employers and have increased eligibility requirements. As a simple matter of contract law, these charges afford no ground for relief.

A copy of the trust agreement under which the Fund was established is attached to the complaint. The contracting parties are EBA and Chester Local. The benefits and burdens of the trust agreement are designed for and restricted to member (and subscribing) employers and their employees. The agreement authorizes the trustees to enter into agreements with other welfare funds, on

---

*pants and beneficiaries of financial and other information with respect thereto."* (Emphasis added). Cf. Giordani v. Upholsterers Union, 53 CCH Labor Cases ¶11,170 (S.D.N.Y.1966).

7. 29 U.S.C.A. § 186(e).

8. 29 U.S.C.A. § 186.

9. 29 U.S.C.A. § 186(c) (5).

10. In re Bricklayers' Local No. 1 of Pa. Welfare Fund, 159 F.Supp. 37 (E.D.Pa. 1958); Upholsterers' Internat'l Union of North America v. Leathercraft Furniture Co., 82 F.Supp. 570 (E.D.Pa.1949).

11. Kosty v. Lewis, 115 U.S.App.D.C. 343, 319 F.2d 744 (1963), cert. denied, 375 U. S. 964, 84 S.Ct. 482, 11 L.Ed.2d 414 (1964).

12. Lewis v. Hogwood, 112 U.S.App.D.C. 105, 300 F.2d 697 (1962); Employing Plasterers' Ass'n of Chicago v. Journeymen Plasterers' Protective, etc., Society, 279 F.2d 92 (7th Cir. 1960); Holton v. McFarland, 215 F.Supp. 372 (D.Alaska 1963); Moses v. Ammond, 162 F.Supp. 866 (S.D.N.Y.1958).

a reciprocal basis, under which transfer of benefits might be effected on a limited basis, but it contains no authorization and makes no provision for the acceptance of payments from non-member, non-subscribing employers.

Plaintiffs point out that *some* of the non-EBA, non-subscribing employers operate throughout the country. By the terms of their collective bargaining agreements with International, those employers are committed to make the same payments for health and welfare benefits as are required by local collective bargaining agreements in the areas where they perform their work, therefore, plaintiffs argue, they are entitled to use the machinery set up by the local agreements to administer such payments. This argument assumes too much. International and non-EBA employers are, alike, strangers to this trust agreement. Absent some provision to the contrary in the Union constitution or bylaws (none has been brought to the court's attention), the terms of agreements between such employers and International can impose no burdens upon this locally created Fund without the assent of the locally contracting parties. The trustees of the locally created Fund cannot be compelled to perform services neither required nor authorized by the local agreement. Cf. Barrett v. Miller, 276 F.2d 429 (2d Cir. 1960).

As for plaintiffs' charge that trustees acted improperly in increasing the eligibility requirements, the agreement expressly confers on the trustees the power to "rescind, amend, or modify any of the employee benefits provided by this fund * * *." The number of hours of employment required for entitlement to benefits is clearly a matter committed to the judgment and discretion of the trustees. To insure the proper exercise of judgment and discretion, Congress provided for equal representation and joint control of such funds by representatives of employers and employees. Plaintiffs here question only the wisdom of the trustees' exercise of that judgment in changing the eligibility requirements.

Such a charge affords no legal basis, under this trust agreement, for a court's interference.

Neither the refusal to accept payments from non-member, non-subscribing employers nor the decision to increase eligibility requirements violates the trust agreement, and the complaint, therefore, fails to state a claim upon which relief can be granted.

The motion to dismiss the complaint will be granted for lack of jurisdiction; alternatively, the complaint would be dismissed for failure to state a claim upon which relief can be granted. Under the circumstances, it is unnecessary to decide whether this matter is an appropriate one for declaratory judgment.