321 F.Supp. 101 (1970)
James PORTER and Harry J. Connor, individually and as Representatives of a class
v.
The TEAMSTERS HEALTH, WELFARE AND LIFE INSURANCE FUNDS OF PHILADELPHIA AND VICINITY
and
Richard W. Cutaiar, Vincent R. Dagen, William J. Lemon, John J. Cassidy, William J. Gormley and Maurice R. Schurr, individually and as Trustees of the Teamsters Health, Welfare and Life Insurance Funds of Philadelphia and Vicinity.
James PORTER and Harry J. Connor, individually and as Representatives of a class
v.
The TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY
and
Richard W. Cutaiar, Vincent R. Dagen, William J. Lemon, John J. Cassidy, William J. Gormley and Maurice R. Schurr, individually and as Trustees of the Teamsters Pension Trust Fund of Philadelphia and Vicinity.
Civ. A. Nos. 69-2850, 69-2851.
United States District Court, E. D. Pennsylvania.
July 1, 1970.
*102 Alvin M. Chanin, Philadelphia, Pa., for plaintiffs.
James J. Leyden, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendants.

MEMORANDUM
BODY, District Judge.
These two class actions concern The Teamsters Health and Welfare Fund of Philadelphia and Vicinity and The Teamsters Pension Trust Fund of Philadelphia and Vicinity. Plaintiffs are members of different Teamster-affiliated Locals and beneficiaries under the plans; the trustees and the fund entities are the named defendants.
The trust funds here involved are typical of those frequently established by employers and unions for the benefit of employee union members. Their terms provide that participating employers shall contribute to each fund a fixed amount per week for each employee on their respective payrolls. As is customary, the trustees are charged with administering the funds and paying claims in accordance with an established schedule of benefits.
Trust fund benefits are payable to beneficiaries only in the event and to the extent that their respective employers have contributed to the fund.
In essence the two complaints allege the following:
1) The defendants have failed to provide an annual statement of the exact amount of overdue employer contributions and to account for their non-collection;
2) The defendants have refused to allow plaintiffs to inspect the records of the funds and to supply them with requested information *103 relating to the status and collection of overdue employer contributions;
3) Defendants have combined and conspired to divert monies of the funds to the personal use of the trustees, their associates and various delinquent employers;
4) The funds have been administered otherwise than in the best interests of the beneficiaries;
5) Defendant trustees have received unlawful compensation for their services;
6) Defendants have willfully made false and misleading statements about the funds.
By way of relief, plaintiffs seek the appointment of an auditor, an accounting, and injunctive relief directed to the institution of proceedings to collect overdue contributions.
Defendants have moved to dismiss, asserting that this Court lacks subject matter jurisdiction. Plaintiffs allege that jurisdiction exists under Section 302 of the Taft-Hartley Act of 1947, as amended, 29 U.S.C. § 186 and the Disclosure of Welfare and Pension Plans Act, as amended, 29 U.S.C. §§ 301-309.
We agree that the Court has jurisdiction under the Taft-Hartley Act and therefore express no opinion with regard to the second source asserted by plaintiffs.
Subsections (a) and (b) of Section 302 make it unlawful for an employer to make payments to a representative of his employees and for a representative to receive such payments. The purpose behind these prescriptions if "to prevent employers from tampering with the loyalty of union officials, and disloyal union officials from levying tribute upon employers." United States v. Ryan, 225 F.2d 417, 426 (2d Cir. 1955) (Learned Hand, J.), rev'd 350 U.S. 229, 76 S.Ct. 400, 100 L.Ed. 335 (1956), aff'd on remand 232 F.2d 481 (2d Cir. 1956). Subsection (c) (5) makes the foregoing provisions inapplicable to payments made to a trust fund complying with a statutorily enumerated list of requirements. They include the following:
1) the trust fund must be established for the sole and exclusive benefit of employees and dependents;
2) payments must be held in trust to pay, from principal or income, for such employees' medical care, pensions, illness, etc.;
3) the detailed basis of payments must be set forth in writing;
4) employers and employees must have equal representation, with a provision for a neutral person or umpire;
5) the plan must contain provisions for an annual audit; and
6) there must be separate trusts for pension and annuity funds.
Finally, Subsection (e) of Section 302 provides that the district courts of the United States shall have jurisdiction, for cause shown, "to restrain violations of this section."
The substance of defendants' jurisdictional challenge is the assertion that Congress did not mean to include the kinds of claims here advanced within this Court's Section 302 jurisdiction.
A considerable body of case law has arisen with respect to Section 302(c) (5) jurisdiction. Recently there has emerged the general rule that district courts have jurisdiction under Section 302 to consider "structural violations" but may not inquire into mere "violations of fiduciary obligations or standards of prudence in the administration of the trust fund." Giordani v. Hoffmann, 295 F.Supp. 463, 470 (E.D.Pa. 1969); Bowers v. Ulpiano Casal, Inc., 393 F.2d 421, 424 (1st Cir. 1968). Under the heading of "structural violations" are included the Section 302(c) (5) requirements listed above. Therefore, if plaintiffs' claims involve the structural requirements of Section 302(c) (5), this Court is vested with jurisdiction to hear them.
Further, the claims relating to structural violations need not be directed *104 to the point in time when the trust funds were created and the first contributions made. To so hold would create grave practical problems. Let us suppose, for example, that a trust fund is created and initially administered in accordance with the structural requirements of Section 302(c) (5). If at some future point during the trust fund's existence it were either amended or administered in such a way as not to comply with those provisions, such would be a structural violation over which this Court would have jurisdiction under Section 302. Such a conclusion is necessary to protect the beneficiaries and the funds previously paid into the trust.
We note further that the relief this Court is empowered to award under Section 302 is not limited to an injunction restraining the making and receipt of contributions. Additional forms of relief include the appointment of a receiver, the allowance of an accounting, and the giving of a declaratory judgment. Giordani v. Hoffmann, supra, 295 F.Supp. at 472 n. 3; Raymond v. Hoffmann, 284 F.Supp. 596, 601-602 (E.D. Pa.1966); Employing Plasterers' Ass'n of Chicago v. Journeymen, Etc., 279 F. 2d 92, 97 (7th Cir. 1960).
With these observations in mind we proceed to an evaluation of the pertinent facts. Plaintiffs' complaints are devoted in large measure to alleged disclosure violations and breaches of fiduciary duty. However, the allegations of conspiracy to divert trust fund monies to the use of the trustees, their associates and various delinquent employers, as well as those pertaining to receipt of unlawful compensation by the trustees, fairly relate to structural violations of Section 302. We think these allegations, when read liberally, come within the purview of Judge Masterson's statement in Giordani that
"* * * if a plaintiff charges that employers have made direct payments to representatives of their employees under the guise of making contributions to trust funds it is clear that a federal court has jurisdiction over his complaint pursuant to § 302."
Moreover, these same allegations raise the related issue of whether the trust funds were established for the sole and exclusive benefit of employees. See Giordani v. Hoffmann, supra, and Raymond v. Hoffmann, 284 F.Supp. 603, 606 (E.D.Pa.1967).
For the above reasons, defendants' motions to dismiss will be denied.