**Milton H. LIEBERMAN**

v.

**Joseph COOK et al.**

**Civ. A. No. 71-829.**

United States District Court,
W. D. Pennsylvania.

June 6, 1972.

George Raynovich, Jr., Pittsburgh, Pa., for plaintiff.

Edward Goldberg, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

KNOX, District Judge.

In this suit to recover amounts allegedly due under an Employees Profit-Sharing Plan, defendants have presented a Motion For Summary Judgment. Defendants present two defenses which are in the opinion of the court valid. First, that plaintiff has failed to state a claim under the Welfare and Pension Plans Disclosure Act 29 U.S.C. 301 et seq. Second, that defendants are entitled to judgment on the merits because plaintiff has already pursued his remedies through common law arbitration and is not entitled to a second bite at the apple. There is no diversity of citizenship.

Plaintiff sued defendants as trustees of a profit-sharing plan and trust agreement covering the employees of Standard Sportswear, Inc., a Pennsylvania Corporation, and also the corporation itself, viz: Standard Sportswear, Inc. The plan was adopted December 29, 1961, and copies thereof are among the materials now before the court. Plaintiff is a former employee of defendant Standard Sportswear, Inc. and participated in the plan from its inception until May 1971 when he was involuntarily terminated from his employment.

Plaintiff at once employed counsel who, by letter dated May 11, 1971, requested a copy of the plan. By reply, dated May 18, 1971, a copy of the plan was furnished to plaintiff's counsel.

Under Article XII of the plan, arbitration was provided with respect to disputes arising thereunder. Plaintiff at once resorted to arbitration on May 27, 1971. Arbitrators were appointed and thereafter on August 30, 1971, rendered their decision that plaintiff's employment with Standard Sportswear, Inc. had been terminated with cause and therefore plaintiff's rights in the fund were terminated under the provisions of Section 9.2(c) of the plan.[1]

Plaintiff, without resorting to any of the narrow Pennsylvania grounds for attacking an arbitrator's award under these circumstances, then commenced

---

1. (c) Upon dismissal or resignation of a participant before reaching his Normal Retirement Date, with cause determined by the Employer as being sufficiently clearly established to warrant the dismissal or resignation for cause of or by a participant, such dismissed or resigned participant shall immediately cease to be a participant, and he shall be entitled to no termination benefits as provided in Section 9.1 above. Such dismissal or resignation for cause so determined, shall not be exercised by the Employer in any way discriminatory or inequitable, or under arbitrary or abusive use of powers of the Employer which may or may not be contrary to law, in respect to any participant of this Plan and Trust, and upon such dismissal or resignation, the participant shall have the right of arbitration.

two court proceedings: (1) A suit in assumpsit in the Court of Common Pleas of Allegheny County, Pennsylvania at No. 1842 October Term 1971, against the same defendants as named in this action. In this action on May 4, 1972, the Honorable Gwilym A. Price, Jr. ordered summary judgment in favor of the defendants on the grounds that under the clause in the agreement the award of arbitrators "shall be final and binding upon all the parties in interest".[2] (2) Plaintiff also brought suit in this court claiming a violation of the Welfare and Pension Plans Disclosure Act of 1958 as amended (29 U.S.C. 301 et seq). Plaintiff also claims a pendent cause of action under state law for breach of contract, although the complaint contains only one count.

There are presently three questions before this court: (1) Does this court have jurisdiction in view of defendants' claim that less than 25 employees were covered by the plan described within the exemption provided in Section 4(b) (4) (29 U.S.C. 303)? (2) Does a private individual have a cause of action under circumstances of this kind under the provisions of the Welfare and Pensions Plan Disclosure Act? (3) Should Summary Judgment be entered in favor of the defendant by reason of the common law arbitration award in defendant's favor?

■ (1) *Plan not covered by act.*
Defendant's first contention is that the plan in question is not covered by the act. 29 U.S.C. 303(b) provides "this chapter shall not apply to an employee welfare or pension benefit plan if—4. Such plan does not cover more than 25 participants". (As amended March 20, 1962, 76 Stat. 35).

We are not impressed with defendant's position that this plan never covered more than 25 participants. The depositions of defendant Hoffman, one of the trustees, at pages 35 and 36 indicates that during the fiscal year beginning February 1, 1970, there were 26 members in the plan. The act is not clear just when the 25 participant test is to be met, whether at the inception of the plan or at any time during its effectiveness. We believe that Congress never intended an absurd result such as would be permitted if a plan were adopted covering 20 members and three days later was expanded to cover 100 members and yet be exempt from the act. It must be that a plan comes under the act as soon as 26 participants are included.

It will be noted that the Act as originally enacted in 1958 excluded plans covering "not more than 25 *employees*". In 1962, Section 4 was amended to change the word "employees" to "participants" so that 29 U.S.C. 303(b) reads as it now stands today.[3] Referring back to Section 3, 29 U.S.C. 302(a), the term "participant" is defined as follows:

"The term 'participant' means any employee or *former employee* of an

---

2. "ARTICLE XII — *Arbitration* — 12.1 Whenever under the terms of this agreement, it is provided that a decision may be determined by arbitration, each person or group of persons having a divergent interest, shall appoint one arbitrator, and the arbitrators so appointed shall appoint one arbitrator to the end that the Board of Arbitrators shall consist of an uneven number of members. The Board of Arbitrators shall fix the time for hearing the matters in controversy and give a reasonable time for the presentation by each party in interest of his statement of facts and law upon which he relies for decision in the matter; which parties may be heard in person or by counsel, and may call and examine at their own expense such expert witnesses or other witnesses as they may desire, subject to the right of cross examination by other parties in interest, in person or by counsel, and each party in interest may file with the Board or Arbitrators written arguments or briefs in support of their position. The Board of Arbitrators shall permit a reasonable time under all the circumstances for the submission of proofs by the parties, and its decision as to such time as its final decision in the controversy shall be by majority vote and shall be final and binding upon all the parties in interest."

3. See explanation of 1962 amendments in 1962 U.S.Code and Congressional News p. 1532 et seq.

employer or any member of an employee organization who is or may become eligible to receive a benefit of any type from an employee welfare or pension benefit plan, or whose beneficiaries may be eligible to receive any such benefit."

It would thus appear that retirees are to be considered in determining whether the plan has more than 25 participants. For the fiscal year ending January 31, 1971, if you include a retiree and a person who died within the fiscal year you have 27 persons involved. (See Tabulation Exhibit C attached to motion.) We thus determine defendant's first objection to jurisdiction is not well taken.

(2) *No cause of action under the act.*

■ The complaint alleges that defendants "are in violation of the Welfare and Pension Plans Disclosure Act, 29 U.S.C.A. 301 et seq., and in default on the payment of plaintiff's vested interest in said profit sharing plan through the plaintiff." Plaintiff's whole case as set forth in the complaint is based upon an alleged cause of action under this act.

We believe defendant's position that there is no such cause of action under this act and that the complaint fails to state a claim upon which relief can be granted is well taken. The findings and policy in Section 2 (29 U.S.C. 301) indicate that the purpose of the act is to require disclosure and reporting to participants. Under 304, the administrators are required to file copies of the plan and to give information to interested persons. Provision is made for publication of notice and filing reports and

information to beneficiaries as provided under Section 307. Enforcement is provided in 29 U.S.C. 308. Here there is a criminal penalty in subsection (a); provisions for investigation of violations under subsection (d); the holding of hearings under (e); the Secretary of Labor is empowered to seek an injunction restraining violations under (f); and under (g), the United States District Courts are given jurisdiction to restrain violations.

The only provision for a private action is contained in subsections (b) and (c) of 308.[4] In subsection b, it is provided that any administrator who fails upon written request from a participant or beneficiary to give him a copy within 30 days of a description of the plan or the annual report may, *in the court's discretion,* become liable to any participant for $50 per day from the date of such failure or refusal. In subsection (c), provision is made for an action to recover such liability in a court of competent jurisdiction. We are not in the instant case confronted with a claim to recover the $50 daily penalty and it is questionable whether any such action would lie since, from the material submitted to us, it appears that the plaintiff on May 7, 1971, requested a copy of the plan and the same reached his attorney on May 21, 1971, within the 30 day period.

■ We agree with defendant that the purpose of the act is to secure disclosure and reporting with respect to welfare and pension plans and that it was not intended to transfer to the fed-

---

4. *"Liability for failure or refusal to make publication*

(b) Any administrator of a plan who fails or refuses, upon the written request of a participant or beneficiary covered by such plan, to make publication to him within thirty days of such request, in accordance with the provisions of section 307 of this title, of a description of the plan or an annual report containing the information required by sections 305 and 306 of this title, may in the court's discretion become liable to any such participant or beneficiary making such request in the amount of $50 a day from the date of such failure or refusal.

*Actions to recover liability; jurisdiction; attorney fees and costs*

(c) Action to recover such liability may be maintained in any court of competent jurisdiction by any participant or beneficiary. The court in such action may in *its* discretion, *in addition to any* judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

eral courts general jurisdiction over the administration of such plans and adjudication of amounts due various beneficiaries. The general supervision of the administration of the plans remains where it always was, viz: in the state courts of appropriate jurisdiction and suit to obtain payment of monies allegedly due a beneficiary must be brought in the appropriate state court unless there is diversity jurisdiction (which there is not here) and an amount involved over $10,000 when it is possible that suit might lie in the federal courts.

The precise question has not been often adjudicated. However, in Moyer v. Kirkpatrick, 265 F.Supp. 348 (E.D.Pa. 1967), Judge Luongo in the Eastern District stated: "The legislative history discloses that the aim of the Act was narrow, that Congress intended to confine it to a disclosure and reporting function. * * * In light of the restricted aim of the Act, I do not believe that Congress intended, by its enactment, to confer upon the courts broad regulatory power over the operation of welfare funds". This decision was affirmed per curiam by our Court of Appeals in 387 F.2d 955 (3d cir. 1968). The court said:

> "The District Court dismissed the Complaint for lack of jurisdiction, and alternatively, for failure of the Complaint to state a claim upon which relief could be granted.
>
> "On review of the record we find no error. The Order of the District Court dismissing the Complaint will be affirmed for the reasons so well-stated by Judge Luongo in his Opinion reported at 265 F.Supp. 348 (1967)."

It will be noted that the agreement in question is not an agreement with a labor union. It is entitled "Standard Sportswear Inc. Employees Profit-Sharing Plan" and the parties are the employer and the trustees named or their successors. We do not therefore have a case under the Taft-Hartley Act such as confronted the court in Porter v. Teamsters Health, Welfare and Life Insurance Funds, 321 F.Supp. 101, E.D.Pa. 1970, wherein Judge Body said "We agree that the Court has jurisdiction under the Taft-Hartley Act (29 U.S.C. 186) and therefore express no opinion with regard to the second source (the Disclosure Act) asserted by plaintiffs."

(3) *Plaintiff is barred by arbitration award.*

Plaintiff further claims that his complaint states a pendent common law action under Pennsylvania State law. We do not at this time have to determine whether in the exercise of our discretion (See Gibbs v. UMW, 383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966) we would entertain such a pendent action, despite our holding that plaintiff has not stated a claim under a federal law, for the reason that we are convinced that he has no claim under Pennsylvania State law. As noted above, Judge Price of the Court of Common Pleas of Allegheny County has determined that plaintiff, by asking for the appointment of arbitrators, invoking arbitration under the terms of the profit sharing agreement and having litigated matters fully before the arbitrators as to whether he was properly discharged for cause, thereby forfeiting his rights under the agreement, has taken his one bite at the apple and is not entitled to another one. The agreement itself is one for common law arbitration under Pennsylvania law and provides in Article XII that the decision of the arbitrators "shall be final and binding upon all the parties in interest".

It is elementary that under Pennsylvania law such an award can only be attacked for fraud or corruption or other misconduct by the arbitrators. See Novakovsky v. Hartford Accident and Indemnity Co., 219 Pa.Super. 5, 280 A.2d 669 (1971); Nationwide Mutual Ins. Co. v. Barbera, 443 Pa. 93, 277 A.2d 821 (1971); Great American Ins. Co. v. American Arbitration Ass'n, 436 Pa. 370, 260 A.2d 769 (1970). We have been admonished by the courts to consid-

563

er such an arbitration decision final and not subject to judicial review unless there is some simultaneous use of court or administrative process. See Spann v. Kaywood, Division, Joanna Western Mills, 446 F.2d 120 (6th cir. 1971); Boys Markets, Inc. v. Retail Clerk's Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L. Ed.2d 199 (1970); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960).

For the above reasons, an appropriate order will be entered dismissing the complaint and entering summary judgment for the defendants. It will be noted that defendants' counterclaim against plaintiff still remains undisposed of. Standing alone this, however, is subject to dismissal for lack of diversity.