Martin Evans, J.
The plaintiff Andrew B. Smith brings this purported class action against the individual defendants, as trustees and members of the administrative committee of the profit sharing plan for the employees of Merrill Lynch, Pierce, Fenner & Smith Incorporated (“ Plan ”). Under the terms of the Plan, Merrill Lynch, Pierce, Fenner & Smith (“ Merrill Lynch”), and its respective predecessors in interest, as sole contributor, made regular contributions to the Plan on behalf of its employees, including the plaintiff and those he claims to represent. The plaintiff was employed by Merrill Lynch as an account executive (registered representative) from August, 1957 until September, 1969, when he resigned. Although the complaint does not so indicate, the plaintiff’s brief herein notes he subsequently became employed with another stockbrokerage firm, which employment, the parties all conclude, constituted competition with Merrill Lynch. The plaintiff alleges that he, and those who similarly left the employment of Merrill Lynch and subsequently engaged in an occupation competitive with Merrill Lynch, have improperly been denied their ‘‘ beneficial interest ’ ’ in the Plan, which in his own case he estimates to be $16,800. In this regard article 11.1 of the Plan provides: “ A participant [in the Plan] who, in the determination of the [Administrative] Committee, voluntarily terminates his employment with the Corporation or provokes his termination and engages in an occupation which is, in the determination of the Committee, competitive with the Corporation [Merrill Lynch] dr any affiliate or subsidiary thereof, shall forfeit all rights to any benefits otherwise due or to become due from the Trust Fund with respect to units credited for the fiscal year subsequent to the fiscal year ended December 30, 1960.”
Plaintiff contends that article 11.1 of the Plan, as a forfeiture provision applying to employees who compete with Merrill Lynch after voluntarily resigning, is void and unenforceable as *713 an unreasonable restraint of trade. Accordingly, plaintiff seeks a declaratory judgment declaring article 11.1 of the Plan void and unenforceable and also a money judgment for amounts forfeited under that provision. Although the Plan is now in liquidation, a substantial reserve has been maintained for contingencies.
The defendants now move to dismiss the complaint upon the ground that it fails to state a cause of action (CPLR 3211, subd. [a], par. 7) and for summary judgment (CPLR 3211, subd. [c]). Indeed no issues of fact are raised and the only matter to be resolved is the viability of article 11.1 of the Plan.
In support of his contention that article 11.1 of the Plan is void and unenforceable as an unreasonable restraint of trade the plaintiff relies primarily upon several recent California cases, Ware v. Merrill Lynch, Pierce, Fenner & Smith (24 Cal. App. 3d 35, cert, granted 409 U. S. 1005); Frame v. Merrill Lynch, Pierce, Fenner & Smith (20 Cal. App. 3d 668); and Muggill v. Donnelley Corp. (62 Cal. 2d 239) and a construction of section 340 of the New York General Business Law, and section 190 of the Labor Law, compatible with those California cases. In Ware (supra) article 11.1 of the Plan, which is the subject of the instant action, was also under attack, as an unreasonable restraint of trade, by the plaintiff therein, and a class limited to five other residents of California, all of whom had voluntarily left the employ of Merrill Lynch and entered into employment competing with Merrill Lynch. On appeal, the California Court of Appeal, First District, citing Frame (supra), Muggill (supra), and section 16600 of the California Business and Professional Code, held, inter alia, article 11.1 of the Plan to be invalid and unenforceable in California. Although the United States Supreme Court has granted certiorari in Ware (supra) a review of the briefs of the parties to that appeal, which have been submitted to this court, indicates that issues before the high court are confined to, inter alia, whether section 16600 of the California Business and Professional Code and the California courts’ construction thereof constitute unreasonable interference with Federal policies concerning the regulation of the securities industry and an undue burden on interstate commerce. Accordingly, due to the limited scope of the issues now on appeal in Ware (supra), it appears unlikely that the high court will render a decision therein which will require a determination that forfeiture clauses' such as contained in article 11.1 of the Plan are void and unenforceable in New York under section 340 of the New York General Business Law.
*714 Notwithstanding the California cases cited by the plaintiff, the courts of this jurisdiction, including the New York State Court of Appeals, have consistently upheld the validity of forfeiture clauses such as provided in article 11.1 of the Plan. (Kristt v. Whelan, 4 A D 2d 195, affd. 5 N Y 2d 807; Simons v. Fried, 302 N. Y. 323; Kidd v. Oakes, 39 Misc 2d 645; Kerpen v. First Investors Corp., 45 Misc 2d 793; Matter of Kumm v. Allen, 36 Misc 2d 816; see, also, Bradford v. New York Times Co., U. S. Dist. Ct. [S. D. N. Y.], 67 Civ. 3821), and under New York law where one may choose between working for a competitor of his former employer, and thereby surrender benefits to which he would otherwise be entitled under a 'noncontributory profit sharing plan, or retaining those benefits by not working for such a competitor, he is not subject to an unreasonable restraint of trade. (Kristt v. Whelan, supra; Simons v. Fried, supra.) Paramount Pad Co. v. Baumrind (4 N Y 2d 393) relied upon by the plaintiff is inapposite for the employee in that action was given no such choice, but constrained by an unqualified agreement which required that he obtain permission from his employer before accepting any position in competition with his employer.
Accordingly, consistent with the overwhelming preponderance of New York authority (Kristt v. Whelan, supra; Simons v. Fried, supra; Kidd v. Oakes, supra; Kerpen v. First Investors Corp., supra; Matter of Kumm v. Allen, supra; cf. 18 ALR 3d 1246; Comment Forfeiture of Pension Benefits for Violation of Covenants Not to Compete, 61 Nw. U. L. Rev. 290), the court concludes that the forfeiture provision contained in article 11.1 of the Plan does not represent an unreasonable restraint of trade, and that the plaintiff’s complaint fails to state a cause of action. The defendants’ motion to dismiss the complaint is thus granted.