**William H. NOLAN, on behalf of himself and all others similarly situated, Appellant,**

v.

**Richard B. MEYER et al., Appellees.**

**No. 987, Docket 75–7100.**

United States Court of Appeals, Second Circuit.

Argued June 18, 1975.

Decided July 29, 1975.

Certiorari Denied Dec. 15, 1975. See 96 S.Ct. 567.

Milton S. Zeiberg, New York City, for appellant.

* United States Circuit Judge for the Third Circuit, sitting by designation.

1. The forfeiture of benefits provision, article 11.1 of the plan, provides:

"A Participant who, in the determination of the Committee, voluntarily terminates his employment with the Corporation or provokes his termination and engages in an occupation which is, in the determination of the Committee, competitive with the Corporation, or any affiliate or subsidiary thereof,

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for appellees; Thomas J. Mullaney and Roger J. Hawke, New York City, of counsel.

Before GIBBONS,* GURFEIN and MESKILL, Circuit Judges.

GIBBONS, Circuit Judge:

Plaintiff Nolan appeals from an order which granted a Rule 12(b)(1) motion, Fed.R.Civ.P., dismissing his class action complaint against the defendants as administrators and trustees of the Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Profit Sharing Plan for lack of subject matter jurisdiction. We affirm.

Nolan, a former employee of Merrill Lynch, challenges the provision in the noncontributory profit-sharing plan which provides for forfeiture of benefits by a participant who engages in competitive employment.[1] The complaint alleges jurisdiction founded on diversity of citizenship and requisite amount in controversy. In support of their motion to dismiss, the defendants filed the affidavit of one of the plan's administrators which established that both he and the plaintiff were citizens of New Jersey. Nolan concedes that there is no diversity jurisdiction. The complaint also asserts as a basis for federal question jurisdiction, the claim that the forfeiture provision violates Section 1 of the Sherman Act, 15 U.S.C. § 1. Nolan concedes that the Sherman Act cause of action which he pleaded is barred by the statute of limitations. 15 U.S.C. § 15b. The complaint alleges a pendent state common law cause of action which may not be time barred, but Nolan concedes that

shall forfeit all rights to any benefits otherwise due or to become due from the Trust Fund with respect to units credited for fiscal years subsequent to the fiscal year ended December 30, 1960." (App. at 39a).

In 1968, Nolan voluntarily left Merrill Lynch where he had been employed since 1957 as an account executive, and took a position with another New York brokerage firm. The defendants declared his benefits accumulated after 1960 forfeited pursuant to article 11.1

there must be a not insubstantial federal question claim before the district court may proceed with the adjudication of the pendent state claim. He now relies solely upon the assertion of a federal common law cause of action to recover the forfeited benefits which, he says, is implied from the existence of the two federal statutes dealing with employee benefit plans.

 If the complaint sets forth such a federal common law cause of action, then there is jurisdiction under 28 U.S.C. § 1331(a). *Illinois v. City of Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972); *Ivy Broadcasting Co., Inc. v. American Tel. & Tel. Co.*, 391 F.2d 486 (2d Cir. 1968). And where the complaint alleges the existence of such a federal common law cause of action, that allegation may suffice to avoid the granting of a Rule 12(b)(1) motion and may require that the court consider the claim on the merits pursuant to Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Even a somewhat marginal federal question claim may suffice to support pendent jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). But there must be some minimum degree of substantiality or non-frivolity to the federal claim. If the claim is obviously without merit or wholly frivolous the federal court may dismiss for want of jurisdiction. *Hagans v. Lavine, supra*, at 537–38, 94 S.Ct. 1372. A strong indicator of the insubstantiality of the federal claim is the resolution of the claimed issue in a prior Supreme Court decision. *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933). With these rules in mind, then, we look to the four corners of plaintiff's complaint to determine whether it alleges a federal claim sufficient to confer jurisdiction. *Phillips Petroleum v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974).

The two statutes on which Nolan relies are Subchapter D of the Internal Revenue Code of 1954, 26 U.S.C. § 401 *et seq.*, and the Welfare and Pension Disclosure Act of 1958, 29 U.S.C. § 301 *et seq.*[2] His argument is that Congress, by these two enactments, expressed such an overriding concern with the subject matter of profit sharing plans, that it would be proper to imply from them a federal common law cause of action for the recovery of benefits lost under a clause permitting forfeiture for competitive employment. Nolan concedes that neither statute confers such a remedy, and that neither statute proscribes the inclusion of a forfeiture clause in a pension plan contract. Indeed, he concedes that the Merrill Lynch plan was a qualified plan under Subchapter D of the Internal Revenue Code.

Thus, we are not dealing with a situation in which either the federal constitution or a federal statute defines a substantive right, for the enforcement of which a federal remedy may fairly be implied. *E. g., Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *J. I. Case Co. v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964); *International Ass'n of Machinists v. Central Airlines, Inc.*, 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963); *Tunstall v. Brotherhood of Locomotive Firemen*, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187 (1944); *Ivy Broadcasting Co. v. American Tel. & Tel. Co., supra; United States v. Perma Paving Co.*, 332 F.2d 754 (2d Cir. 1964); *Fielding v. Allen*, 181 F.2d 163 (2d Cir.), *cert. denied*, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950); *Reitmeister v. Reitmeister*, 162 F.2d 691 (2d Cir. 1947).[3] Nor are we dealing with a jurisdictional grant from which may fairly be implied a Congressional intention that the federal courts fashion a federal substantive common law, as in *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912,

---

2. Both statutes were amended by the Employee Retirement Income Security Act of 1974, Pub.L.No.93–406, 88 Stat. 829, 29 U.S.C. § 1001 *et seq.* But that statute is prospective in operation. 514, 29 U.S.C. § 1144(b)(1).

1 L.Ed.2d 972 (1957). Rather we are asked to hold that the two enactments relied upon manifest a sufficient federal interest in the general subject matter of employee profit-sharing plans that (1) we should conclude that a uniform federal law should apply, (2) we should hold that the forfeiture clause is illegal under that law, and (3) we should imply a federal cause of action for the recovery of benefits payable under the plan.

Proceeding no further than the first proposed step, we encounter a formidable obstacle. In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ware*, 414 U.S. 117, 94 S.Ct. 383, 38 L.Ed.2d 348 (1973), the very forfeiture provision with which we are concerned was before the Supreme Court on certiorari from a California state court. The state court had held that the clause was void under § 16600 of the California Business and Professions Code which renders void "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business . . . ." It rejected the Merrill Lynch contention that the forfeiture provision was valid both under the New York law to which the contract referred[4] and under the laws of the United States. The Supreme Court affirmed. The precise issue was whether California could apply not only § 16600 of the California Business and Professions Code, but also §§ 220 and 229 of the California Labor Code which make unenforceable an agreement to arbitrate a dispute over wages. The Court declined to federalize the applicable law. Although neither federal statute on which Nolan relies is referred to, the holding is that a claim for benefits under

the Merrill Lynch profit-sharing plan is a claim for wages, and that such a claim is governed by state law. Merrill Lynch argued in *Ware* that the pervasive federal regulation of the securities industry justified a uniform federal law of arbitrability of disputes between a broker and its employees, and could point to federal law which arguably gave it a right to arbitrate.[5] The Court declined the invitation to hold that this was a reason for federalizing the wage contract. Neither the Internal Revenue Code nor the Welfare and Pension Disclosure Act contains a substantive provision even arguably suggesting that the forfeiture clause in issue was illegal while Nolan was a Merrill Lynch employee. If the federal statutes and regulations relied on in the *Ware* case were an insufficient basis for federalizing the law of profit-sharing plans, a fortiori, those relied on by Nolan will not fill the bill. *Cf. Cuff v. Gleason*, 515 F.2d 127 (2d Cir. 1975); *Haley v. Palatnick*, 509 F.2d 1038 (2d Cir. 1975); *Lieberman v. Cook*, 343 F.Supp. 558 (W.D.Pa.1972); *Barlow v. Marriott Corp.*, 328 F.Supp. 624 (D.Md.1971).

Proceeding to the second step, a holding that the forfeiture clause is illegal, the chief problem is that the alleged illegality has nothing to do with either statute. Nolan's contention is that the clause is an unlawful post-employment restraint of trade of employees engaged in the sale of securities. It is hardly necessary to imply from the Internal Revenue Code or the Welfare and Pension Disclosure Act a suggestion of illegality in restraint of trade when Congress, decades before either statute was

---

**3.** Even in cases where there is a federal constitutional ·or statutory substantive right the Court has sometimes declined to imply therefrom a remedy. *E. g., Crane v. Cedar Rapids & Iowa City Ry. Co.*, 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969); *Wheeldin v. Wheeler*, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963).

**4.** An arbitration clause in the plan which was mandated by rules promulgated under the Securities and Exchange Act would have applied

New York law. That state has held that the forfeiture clause in the Merrill Lynch plan does not constitute an unreasonable restraint of trade. *Smith v. Meyer*, 78 Misc.2d 711, 357 N.Y.S.2d 586 (Sup.Ct.N.Y.Co.1973), *aff'd*, 44 A.D.2d 778, 355 N.Y.S.2d 314 (1st Dept. 1974), *leave to appeal denied*, 34 N.Y.2d 517, 358 N.Y.S.2d 1026, 316 N.E.2d 351 (1974).

**5.** Merrill Lynch relied on 15 U.S.C. §§ 78f(d) and 78s(b), and the rules of the New York Stock Exchange adopted pursuant thereto.

enacted, dealt comprehensively with restraints of trade in the Sherman Anti-Trust Act. If there is any federal cause of action it is the specific statutory one granted by the private remedy provisions of the anti-trust laws. That cause of action, Nolan concedes, is time barred.

Finally, even if we could traverse steps one and two, it is not at all clear that a federal basis for holding the forfeiture clause illegal would mean that a claim for benefits under the pension plan contract would be a claim arising under the laws of the United States for purposes of § 1331 jurisdiction. The source of the contract right here is the state law of contracts. Thus, were we to federalize the law of post-employment restraints, the federal statutes relied on by appellant would be involved only to the extent of removing the defense that the profit-sharing benefits had been forfeited. *See Phillips Petroleum Co. v. Texaco, supra. Compare Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921); *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

■■■ The last point, however, is not essential to our conclusion that the federal cause of action upon which Nolan relies for § 1331 jurisdiction is so insubstantial that the complaint was properly dismissed. We hold that neither the Internal Revenue Code nor the Welfare and Pension Disclosure Act defines a substantive right for the enforcement of which a remedy for the collection of profit-sharing benefits may be implied, that the subject matter of such contract benefits is a matter of state law, and to the extent that the federal antitrust law might prohibit the inclusion of a forfei-

ture clause in a profit-sharing plan directed against competitive employment, any such cause of action is time barred by 15 U.S.C. § 15b. Thus the district court properly dismissed the complaint for lack of jurisdiction.

■■■ Realizing that under *Bell v. Hood, supra*, the implied federal common law claim might be sufficient to provide a basis for federal jurisdiction even though unmeritorious, and hence under *Hagans v. Lavine, supra*, a predicate for pendent jurisdiction, we also recognize that pendent jurisdiction is a matter of discretion, not of plaintiff's right. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Technically, since the district court dismissed under Rule 12(b)(1), rather than under Rule 12(b)(6), it had no occasion to exercise such discretion. We can assume, however, from the tenor of the court's opinion, that it would have determined not to retain the state law claim for trial after dismissing the federal law claim on the merits. Moreover we would be inclined to hold that the retention of jurisdiction for trial of a pendent state law claim on the basis of a federal question claim already disposed of by a Rule 12(b)(6) motion, would be an abuse of discretion absent unusual circumstances, not present here, suggesting some prejudice arising from relegating the case for trial in the state court. Thus, although it has sometimes been suggested that the rejection of an insubstantial federal question claim is a decision on the merits rather than a jurisdictional decision, in this instant the outcome would be the same. *See T. B. Harms Co. v. Eliscu, supra*, at 828.

The judgment of the district court will be affirmed.