Mildred A. McLEARN,
Plaintiff-Appellant,

v.

COWEN & CO. and Merrill Lynch Pierce
Fenner & Smith, Incorporated,
Defendants-Appellees.

No. 1465, Docket 81–7146.

United States Court of Appeals,
Second Circuit.

Argued June 1, 1981.

Decided Sept. 28, 1981.

York City, of counsel), for plaintiff-appellant.

Roger J. Hawke, New York City (Brown, Wood, Ivey, Mitchell & Petty, Willkie, Farr & Gallagher, New York City, of counsel), for defendants-appellees.

Before LUMBARD and MESKILL, Circuit Judges, and LASKER,* District Judge.

LUMBARD, Circuit Judge:

The plaintiff, Mildred A. McLearn, appeals from a 1980 order of the Southern District of New York that denied her motion under Fed.R.Civ.P. 60(a) to clarify a 1976 judgment dismissing her complaint. Plaintiff sought clarification that the dismissal of her cause of action under state law was not on the merits so that she would be free to pursue that claim under state law in the New York state courts. The district court denied plaintiff's motion, finding no omission subject to relief under Rule 60(a) and, alternatively, that the plaintiff's state law claim had been properly dismissed on the merits.

I believe that nothing done in the district court by the parties or the court justified the district court in exercising jurisdiction over the state law claim with respect to taking any action on the merits of the state law claim. Although the record is ambiguous as to what the 1976 district court order meant to do regarding the merits of the state claim, I am convinced that the district court had no power to make any order about the merits of the state claim. Consequently, I would reverse and remand with directions to amend the order of dismissal to provide that it is without prejudice to the merits of any claim under state law. As Judge Lasker concurs in this result, we so order.

I.

The complaint filed in the Southern District in 1975 followed the pattern of the many complaints filed in that district in

Roy M. Cohn, New York City (John A. Kiser, Saxe, Bacon & Bolan, P.C., New

* Honorable Morris E. Lasker, United States District Judge for the Southern District of New York, sitting by designation.

recent years against brokers and investment bankers. It sought damages from the plaintiff's investment adviser and broker, Merrill Lynch Pierce Fenner & Smith, Inc., under the Investment Advisers Act of 1940 and the Securities Exchange Act of 1934. The allegations of the third cause of action set forth a customer-broker relationship, reliance by the plaintiff on the judgment and integrity of Merrill Lynch's officials in handling her account, and that those officials acted in an unprofessional, negligent and illegal manner and in "breach of the common law standards of fiduciary responsibility." Thus, to the claims under federal law was added a common law claim the merits of which is governed by the law of New York. This cause of action was pendent to the federal claims. Although all three causes of action were alleged to arise from the same operative facts—namely, the handling of plaintiff's account by Merrill Lynch—it is well settled that the state law claim could be heard in the federal courts only if some cause of action in the complaint showed a basis for federal jurisdiction.

In 1975, the defendants moved to dismiss the complaint for failure to plead fraud with particularity as required by Fed.R. Civ.P. 9(b). The court granted the motion with leave to amend. After plaintiff amended her complaint, defendants again moved to dismiss. In an order dated January 12, 1976, the court dismissed McLearn's complaint with prejudice. No testimony was taken; no trial was held. The order read, in pertinent part:

The complaint still fails to set forth the facts and circumstances of the alleged fraud and must be dismissed.

This court affirmed that order without opinion on May 27, 1976.

Neither Judge Metzner's memorandum opinion, or the order of dismissal, referred specifically to the state cause of action.[1] Undoubtedly, at this point, or even after we had affirmed the dismissal, counsel should

have applied to the district court to amend its order to deal specifically with the survival of the state cause of action.

Thereafter, Mildred McLearn filed suit in the Westchester County Supreme Court against Merrill Lynch alleging the common law cause of action of breach of fiduciary duty. The Supreme Court denied a motion to dismiss on the ground of res judicata. The Appellate Division reversed, holding that the complaint should have been dismissed on res judicata grounds. 64 A.D.2d 606, 406 N.Y.S.2d 538 (1978). The Court of Appeals affirmed the dismissal, with three judges dissenting, 48 N.Y.2d 696, 422 N.Y. S.2d 60, 397 N.E.2d 750 (1979). The majority's per curiam opinion held that the district court's dismissal was on the merits for failure to state a cause of action, relying on Rule 41(b) Fed.R.Civ.P., which provides that a dismissal is on the merits unless the contrary expressly appears. 48 N.Y.2d at 699, 422 N.Y.S.2d 60, 397 N.E.2d 750. In dissent, Chief Judge Cooke argued that the federal court would not exercise jurisdiction where the federal claims are dismissed prior to trial, citing Second Circuit decisions. See, e. g., CES Publishing Corp. v. St. Regis Publications, Inc., 531 F.2d 11 (2d Cir. 1975); Nolan v. Meyer, 520 F.2d 1276 (2d Cir.), cert. denied, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975); Kavit v. A. L. Stamm & Co., 491 F.2d 1176 (2d Cir. 1974); Iroquois Industries v. Syracuse China Corp., 417 F.2d 963 (2d Cir. 1969), cert. denied, 399 U.S. 909, 90 S.Ct. 2199, 26 L.Ed.2d 561 (1970). Judge Meyer in his dissent went further and wrote that "as a matter of Federal law the State claims could not have been dismissed on the merits by the Federal court" where the dismissal of the federal claims was in advance of trial because the federal court was left without subject matter jurisdiction of the State claim. Consequently, the federal dismissal was not res judicata.

The plaintiff then moved the Court of Appeals for reargument, which the court denied on January 20, 1981, in the following brief order:

---

1. Although Judge Metzner's order dismissing the amended complaint did not refer to the state cause of action, the order dismissing the

original complaint referred specifically to the allegations of "fraud based on breach of fiduciary duty."

Motion for waiver of thirty day time limit and for reargument denied, without prejudice to renewal in the event the Federal District Court amends its order to show it declined to exercise pendent jurisdiction over the state court action, with $20 costs and necessary reproduction disbursements to respondent.

52 N.Y.2d 896, 437 N.Y.S.2d 306, 418 N.E.2d 1325.

After the Court of Appeals order, the plaintiff moved in the federal district court for relief under Fed.R.Civ.P. 60(a).

## II.

■ First, I note that we are not precluded by the principle of collateral estoppel from deciding whether the district court had pendent jurisdiction over plaintiff's state law claim. The general rule is that federal courts must give decisions of a state court the same preclusive effect that the highest court of the state would. *Wright v. Georgia R.R. & Banking Co.*, 216 U.S. 420, 429, 30 S.Ct. 242, 245, 54 L.Ed. 544 (1910). If the New York Court of Appeals had decided that the federal district court had pendent jurisdiction to dismiss McLearn's state law claim on the merits, then in this case the parties would be bound by that decision. *See Angel v. Bullington*, 330 U.S. 183, 187–88, 67 S.Ct. 657, 659–660, 91 L.Ed. 832 (1947). Arguably, the Court of Appeals decided that issue in holding that it must give res judicata effect to the district court order. However, the Court of Appeals' order of January 20, 1981, expressly invited the federal court "to show it declined to exercise jurisdiction over the state court action. . . ." This invitation to the federal court to decide an issue previously litigated in the New York courts indicates that the Court of Appeals itself does not give preclusive effect to its 1979 opinion. Accordingly,

we are free to address the issue of the district court's pendent jurisdiction over the plaintiff's state claim.

■ Second, I think it clear that the district court lacked jurisdiction to dispose of the pendent state claim on the merits once it dismissed the federal claims prior to trial. The recognition of pendent jurisdiction depends entirely on the practical consideration of avoiding a retrial of factual issues that are necessarily involved in a trial of the same operative facts. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Where there has been a trial of the operative facts underlying both federal and state claims, a decent regard for economical and sensible use of the state and federal judicial machinery and considerations of expense to the litigants require that judgment after trial of state causes of action in a federal court be accorded res judicata effect in the state courts. Consequently, unless a trial of the operative facts is necessary to resolve claims that the federal court must hear, the federal court has no jurisdiction to take any action with respect to a pendent state law claim.[2] *See Nolan v. Meyer, supra*, 520 F.2d at 1280. Because no such trial was held here, the state claims were not pendent, not subject to federal jurisdiction, and any order dismissing them on the merits was void for lack of jurisdiction.

■ The proper route by which plaintiff should have sought relief from the 1976 dismissal would have been a motion under Fed.R.Civ.P. 60(b)(4) to vacate the judgment for lack of jurisdiction.[3] Such a motion may be brought at any time after final judgment. *See Crosby v. Bradstreet Co.*, 312 F.2d 483 (2d Cir. 1963), *cert. denied*, 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412. However, plaintiff's failure to bring her

---

2. A federal court may exercise pendent jurisdiction in disposing of a state claim prior to trial where it has invested "substantial time and energy" on the state law issues prior to dismissal, *Gray v. American International Association of Heat & Frost Insulators*, 447 F.2d 1118, 1120 (6th Cir. 1971), or where "the state claim is so closely tied to questions of federal

policy that the argument for exercise of pendent jurisdiction is particularly strong," *Gibbs, supra*, 383 U.S. at 727, 86 S.Ct. at 1139. Neither exception applies here.

3. I agree with Judge Meskill that Fed.R.Civ.P. 60(a) does not entitle plaintiff to the relief that she seeks.

motion under Rule 60(b)(4) is not fatal. It is well settled that a court may raise the issue of subject matter jurisdiction at any time, sua sponte. *E. g., Clerk v. Paul Gray, Inc.,* 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939); *see United States v. Burmah Oil Co. Ltd.,* 558 F.2d 43, 46 (2d Cir.), *cert. denied,* 434 U.S. 967, 98 S.Ct. 511, 54 L.Ed.2d 454 (1977). Moreover, "[a]lthough the rule requires a motion for relief from the judgment, it has been held that the court on its own motion may set aside a void judgment provided notice has been given of its contemplated action and the party adversely affected has been given an opportunity to be heard." 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2862, at 198 (1973) (citing *United States v. Milana,* 148 F.Supp. 152 (D.Mich. 1957)). Here, defendants well understood that the thrust of plaintiff's motion was to vacate the 1976 order, even though plaintiff's counsel had labelled the motion one to correct a clerical error under Rule 60(a).[4] The failure of plaintiff's counsel to refer to the proper rule number does not prevent us from granting the relief that plaintiff in substance asked for, especially where defendants had notice of and argued against that relief. Hence, we may grant such relief on our own motion. However, because of the ambiguity in the district court's order, we reverse and remand with directions to amend the order of dismissal to provide that the state law claim is dismissed for lack of jurisdiction.

**LASKER, District Judge, concurring:**

I agree with the conclusion that we reverse and remand with directions that the district court amend the 1976 order of dismissal to provide that it is without prejudice to the merits of any claim under state law. I disagree, however, with the reasoning that "the district court had no power to make any order about the merits of the state claim" once it had dismissed the federal claims at the pretrial stage. As a result, I do not believe that a motion under Fed.R. Civ.Pr. 60(b)(4) to vacate the judgment for lack of jurisdiction would have been appropriate in these circumstances. I would hold that when a complaint containing both federal and state claims is dismissed on the pleadings it must be presumed that the district court declined to exercise its discretionary jurisdiction over pendent state law claims, absent clear indications to the contrary. Since there is no clear basis for concluding that the district court intended to dismiss the state law claims on the merits here, McLearn is entitled to relief from the operation of the order under Fed.R. Civ.Pr. 60(b)(6) insofar as the order as it now stands operates unjustly to preclude her from asserting those claims.

Under *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a federal court's jurisdictional authority over pendent state law claims does not depend on whether a trial of the operative facts is necessary to resolve the federal claim. To the contrary, the Supreme Court in *Gibbs* emphasized that, so long as the federal claim has "substance sufficient to confer subject matter jurisdiction on the court," and the state and federal claims "derive from a common nucleus of operative fact," "there is *power* in federal courts to hear the whole." 383 U.S. at 725, 86 S.Ct. at 1138 (emphasis in original). Since there is no doubt that a federal remedy exists for violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b–5, 17 C.F.R. 6240.-10b–5, and sections 205 and 206 of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b–5 and 80b–6, it is clear that, under *Gibbs,* McLearn's federal claims were of

---

4. As defendants said in their brief, "what plaintiff was really attempting to do on her most recent application in the District Court was not to obtain 'clarification' of that Court's intent, but to reargue the 1976 dismissal of her amended complaint in an effort to avoid the effect of the dismissal of her common law claims on the merits." Such avoidance is precisely the relief to which we believe plaintiff is entitled. Defendants' argument against this relief demonstrates that they had notice that the issue whether to vacate the 1976 order with respect to the state law claim was before this court.

sufficient substance to confer subject matter jurisdiction on the trial court and therefore to empower it to determine the pendent state claims. *Cf. Nolan v. Meyer*, 520 F.2d 1276 (2d Cir. 1975); *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Bell v. Hood*, 327 U.S. 687, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Moreover, the district court did not dismiss the complaint for lack of subject matter jurisdiction under Fed.R.Civ.Pr. 12(b)(1), but rather for failure to plead fraud with particularity under Fed. R.Civ.Pr. 9(b).

While *Gibbs* clearly recognizes the jurisdictional power of the federal courts to entertain pendent state claims in these circumstances, it also cautions that this "power need not be exercised in every case in which it is found to exist." 383 U.S. at 726, 86 S.Ct. at 1139. In the context of its discussion of the discretionary exercise of jurisdiction over pendent claims, the Court stated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be *dismissed* as well." 383 U.S. at 726, 86 S.Ct. at 1139 (emphasis added). The point is that jurisdiction exists over the state claims, but should not ordinarily be exercised where the federal claims are dismissed, as here, early in the game. It is the ordinary practice of the district courts to adhere to *Gibbs'* counsel in this regard; that is, to decline to exercise further jurisdiction over pendent state claims if the federal claims upon which federal

jurisdiction is based are dismissed before trial. It appears that the practice has been uniformly approved. *See, e. g., CES Publishing Corp. v. St. Regis Publications, Inc.*, 531 F.2d 11, 14 (2d Cir. 1975); *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir. 1975); *Kavit v. A. L. Stamm & Co.*, 491 F.2d 1176, 1179–80 (2d Cir. 1974); *Iroquois Industries v. Syracuse China Corp.*, 417 F.2d 963 (2d Cir. 1969), *cert. denied*, 399 U.S. 909, 90 S.Ct. 2199, 26 L.Ed.2d 561 (1970). None of these cases, however, questions the jurisdictional *power* of the federal courts to consider pendent state claims despite pretrial dismissal of the federal claims contained in the complaint.[1]

Since the district court had the power to dismiss both the federal and the state claims on their merits, I disagree with the proposition that the order dismissing the state claims was void because the district court lacked jurisdiction over them once it dismissed the federal claims. The problem in this case arises not from a lack of power in the district court to consider the pendent state claims on their merits, but because the district court failed to indicate in its order dismissing the complaint whether the pendent state claims were dismissed on their merits or whether the court was declining to exercise its pendent jurisdiction over them. In denying McLearn's motion to amend the order under Fed.R.Civ.Pr. 60(a), the district court indicated that it was no longer able to recall whether the state claims were considered on their merits or not.

1. I do not conclude, as my Brother Lumbard does, that *Nolan v. Meyer, supra,* supports the proposition that "unless a trial of the operative facts is necessary to resolve claims that the federal court must hear, the federal court has no jurisdiction to take any action with respect to a pendent state law claim." In *Nolan* the predicate to pendent jurisdiction under *Gibbs* of a federal claim with "substance sufficient to confer subject matter jurisdiction on the court" did not exist. As the court stated, "the federal cause of action upon which Nolan relies for § 1331 jurisdiction is so insubstantial that the complaint was properly dismissed." 520 F.2d at 1280. The court thus upheld a dismissal for total lack of jurisdiction. Emphasizing the discretionary nature of the exercise of pendent jurisdiction, the court then stated that "we would be inclined to hold that the retention *for*

*trial* of a pendent state law claim on the basis of a federal question claim already disposed of by a Rule 12(b)(6) motion would be an abuse of discretion absent unusual circumstances ..." 520 F.2d at 1280 (emphasis added). However, even if this statement were relevant to the question of the district court's *power*, it is inapplicable here because there is no contention that the district court held the pendent state law claims "for trial"; the discretionary exercise of pendent jurisdiction to dismiss state claims *along with* federal claims involves a far different calculus of the efficient utilization of judicial resources than the retention of state law claims for trial. *See Kavit v. Stamm, supra,* at 1180, n.4 (efficient utilization of judicial resources a relevant consideration to the determination whether to exercise pendent jurisdiction).

It is certainly the preferred practice in cases involving pendent state law claims for the district court to state explicitly whether a dismissal of state law claims is on the merits or whether it is declining to exercise its pendent jurisdiction. Where the district court, on the pleadings, dismisses a complaint containing both state and federal claims and fails to indicate whether the state claims are being dismissed on the merits, however, the most useful operative rule is to presume that the court declined to exercise its discretionary pendent jurisdiction over the state law claims. Such a presumption accords both with the direction of *Gibbs* and the established practice of our courts, described above. This is true despite the district court's inability to recollect the basis of the dismissal in the present case.

Because of the ambiguity of the order dismissing the complaint in the present case, it has been construed to bar relief in the New York courts under the doctrine of *res judicata.* McLearn is thus denied an opportunity to have any court consider her state law claims on the merits. Justice is not served by such a result. The law favors, as a matter of high priority, that disputes be resolved on their merits. *See Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *Medunic v. Lederer,* 533 F.2d 891 (3d Cir. 1976); *Pulliam v. Pulliam,* 478 F.2d 935 (D.C.Cir.1973). Since it is to be presumed that the district

court did not consider her state law claims on the merits, it is appropriate that its order dismissing the complaint indicate that disposition.

To be sure, it would have been preferable for McLearn to have sought relief under Fed.R.Civ.Pr. 59(e) immediately after dismissal, as the dissent contends. It is also true, however, that in light of the practice of our courts to decline pendent jurisdiction in these circumstances, she had no reason to believe that the order was intended to, or would be construed to, dismiss her state claims on the merits. Moreover, the burden of clarity in judgment should be on the court, not the litigants. It would therefore be unfair to hold McLearn to the strict time limits of Fed.R.Civ.Pr. 59(e).

We also agree, for the reasons stated in the dissent, that the district court was correct that its failure to indicate the basis for its dismissal does not constitute a "clerical mistake" under Fed.R.Civ.Pr. 60(a). McLearn is nevertheless entitled to relief under Fed.R.Civ.Pr. 60(b)(6).[2] Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). With full view towards the weighty interests served by insuring the finality of judgments of our courts, the present case is an

---

2. Fed.R.Civ.Pr. 60(b) provides:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the

operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

exceptional one in which justice can only be served by affording relief from that portion of the judgment which may be construed to dismiss McLearn's state law claims on their merits. McLearn should not be forced to bear the brunt of the district court's lack of clarity in its order of dismissal. Moreover, while over five years have passed since the order was entered, the question whether the state claims were dismissed on the merits has been continuously litigated over the course of that period, rendering considerations of finality less weighty. And while McLearn presented her motion for relief from judgment under the rubric of Rule 60(a), the nomenclature is not dispositive for relief under Rule 60(b)(6). *See* Moore's Federal Practice ¶ 60.27[1], p. 350. Defendants understood that McLearn's motion was directed at obtaining relief from the 1976 order, and the issues relevant to a Rule 60(b)(6) determination have all been canvassed in the parties' papers. Nothing except delay would be gained by requiring further litigation of the issue. Finally, I believe in the unique circumstances of this case that the institution of the motion for relief within a month of the New York Court of Appeals order denying reargument without prejudice if the federal court amends its order was "within a reasonable time" as Rule 60(b) requires.

In sum, McLearn is entitled to relief from that part of the 1976 order which may be construed to dismiss her state law claims on the merits. This relief can best be granted by a remand to the district court with directions to amend its order of dismissal to provide that the state claims are dismissed without prejudice.

I concur that the judgment of the district court should be reversed.

MESKILL, Circuit Judge (dissenting):

The only issue properly before this Court is whether Judge Metzner erred in denying relief to appellant under Rule 60(a) of the Federal Rules of Civil Procedure, which provides for the correction of clerical errors or errors arising from oversight or omission. Since I agree with Judge Metzner that such

relief is not available in this case, I respectfully dissent.

### I.

The propriety of relief in this case under Rule 60(a) was the sole issue raised by McLearn before the district court and addressed by the parties on appeal. Nevertheless, Judge Lumbard and Judge Lasker have reversed the judgment of the district court, each resting upon a different reason, neither of which was raised by any party to this action at any level of the proceedings. I believe that my brothers have far exceeded the scope of our appellate review. While it is well settled that a Court of Appeals may *affirm* a judgment on grounds not urged in the lower court, *see Helvering v. Gowran*, 302 U.S. 238, 245–46, 58 S.Ct. 154, 157–158, 82 L.Ed. 224 (1937), it is equally clear that *reversal* of a lower court decision on grounds which were never raised during the course of trial should be reserved for rare instances of public interest or gross injustice, *see Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877–2878, 49 L.Ed.2d 826 (1975). As this Court noted in *Green v. Brown*, 398 F.2d 1006, 1009 (2d Cir. 1968), "we [are] not ordinarily . . . receptive to attempts to litigate issues not raised in the trial court . . . ."

I recognize that "the rule that an order will not be reversed upon a point first raised upon appeal is not absolute . . . ." *New York, New Haven & Hartford R.R. Co. v. Reconstruction Fin. Corp.*, 180 F.2d 241, 244 (2d Cir. 1950). However, I do not believe that the present case involves the high level of injustice or public necessity requisite to invoke the rule's exception, especially where the points on which my brothers individually rely were not even raised *on appeal.* In *Green v. Brown, supra,* this Court chose to entertain several issues raised for the first time on appeal since they were "of great significance in construing an act designed to protect thousands of investors." 398 F.2d at 1009. McLearn is only a single investor, albeit an allegedly injured one. In *Olegario v. United States*, 629 F.2d 204, 216 n.8 (2d Cir. 1980), *cert. denied*, 450 U.S. 980, 101 S.Ct. 1513, 67

L.Ed.2d 814 (1981), this Court again invoked the exception where an "important federal issue" was at stake and the government was not represented by its own counsel before the district court. McLearn, however, raises no allegations of injury to the public, only to herself, and she has had more than ample access to counsel throughout the full range of this case.

If McLearn's counsel failed to move under Federal Rule of Civil Procedure 59(e) to have the district court's original judgment altered or amended within ten days of judgment, the appropriate remedy under the facts of this case, perhaps her appropriate recourse is in an action for malpractice; the remedy, however, should not be for this Court to set the clocks back five years, which is in effect what it has done. The effect of such a reversal as this Court orders today, although well intended, will be to impair the finality of judgments and to shift the judicial role, traditionally one of impartial arbiter, to one of advocate. I would reserve such drastic intrusion into the domain of counsel for those instances where "injustice might otherwise result," *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941).

## II.

Beyond my opinion that this Court should have limited its review to the single issue raised before the district court and on appeal, I cannot agree with Judge Lumbard's reasoning that "the district court had no power to make any order about the merits of the state claim." 660 F.2d at 846. To this limited extent, I concur with Judge Lasker. That a federal court may exercise jurisdiction over pendent state law claims where it has jurisdiction over the related federal claims was made clear in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). While McLearn's complaint was twice dismissed for failure to plead fraud with particularity, I agree with Judge Lasker that her "federal claims were of sufficient substance to confer subject matter jurisdiction on the trial court and therefore to empower it to determine the pendent state claims." *Id.* at 849–50 (Lasker, J.,

concurring). Consequently, there is no legal basis for Judge Lumbard's conclusion that the district court's decision, if it did dismiss the state law claims on the merits, must have been void and thus subject to attack under Rule 60(b)(4).

## III.

While I agree with Judge Lasker's rejection of Rule 60(b)(4) as a source of relief to McLearn, I cannot accept his proposal for relief under Rule 60(b)(6) for the reasons stated in the first part of my dissent. Whether dismissal of a complaint containing both federal and state claims should, as Judge Lasker argues, be presumed to address only the federal claims on the merits, "absent clear indications to the contrary," must remain an open question until a litigant properly raises it in an appropriate proceeding. Since this issue was never raised before the district court or on appeal, I express no opinion on its merits.

## IV.

While Judge Lumbard and Judge Lasker have expressed what each believes to be the proper source of relief in this case, neither has addressed at any length the one issue properly before us—the propriety of relief under Rule 60(a). While their failure to address this issue may be due to the obvious inapplicability of Rule 60(a) to this case, I think that the issue deserves greater discussion since it was the basis for the decision of the court below.

I agree with Judge Metzner that Rule 60(a) relief is not appropriate in this case and would therefore affirm his decision. While relief from alleged judicial errors may be available under Rule 59(e) or Rule 60(b)(1), *see* 7 Moore's Federal Practice ¶ 60.22[3] (2d ed. 1979); 11 Wright & Miller, Federal Practice and Procedure, § 2854, at 149 (1973), I agree with Professor Moore that "[i]n exercising the power to correct clerical mistakes [under Rule 60(a)], courts should . . . confine the power to correction of mistakes that may legitimately be said to be clerical, and exercise it only on a clear showing of mistake." 6A Moore's Federal Practice, *supra*, ¶ 60.06[3], at 4063 (footnote omitted). The overriding policy of ensuring finality in judgments militates against in-

terpreting Rule 60(a), which permits a motion to be made thereunder at any time, to embrace applications for the substantial relief sought here. McLearn would have the district court declare over half a decade after the entry of judgment whether the dismissal of her common-law claims was jurisdictional or on the merits. The relief McLearn seeks was available within ten days from the entry of judgment under Rule 59(e), or possibly, at the very latest, within one year under Rule 60(b)(1).

Much of the litigation in this action obviously could have been avoided had the district court made clear at the outset whether it exercised pendent jurisdiction in dismissing the common-law claims. In cases involving pendent claims, district courts should, as a matter of course, expressly state whether a dismissal of a state cause of action is on the merits or for lack of subject matter jurisdiction. Failing that, a plaintiff should seek relief under Rule 59(e) within the prescribed time to alter or amend the judgment so that it reflects the intended disposition of the state claims.