Robert A. BAKER, Special Agent, Plaintiff,

v.

Edward H. HELLER, et al., Defendants.

No. 82–8334–CIV–JAG.

United States District Court, S.D. Florida, N.D.

Sept. 19, 1983.

---

Sanford L. Bohrer, Henry B. Adorno, Paul & Thompson, Miami, Fla., for plaintiff.

Barbara Kacir, Victoria A. Stewart, Jones, Day, Reavis & Pogue, Washington, D.C., Earl D. Waldin, Jr., Smathers & Thompson, A. Blackwell Stieglitz, Fowler, White, Burnett, Hurley, Pancik & Strickroot, Miami, Fla., Theodore Rosenak, Archer, Rosenak & Hanson, Diane A. King, Long & Levitt, San Francisco, Cal., for defendants.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court for review upon the Defendants, JACKSON L. MORRIS; CHERRY, BEKAERT & HOLLAND; and THE DANIA BANK'S, respective Motions to Dismiss the Complaint. The court has considered the record and heard oral argument by counsel.

This action has been brought by Robert A. Baker, the Special Agent appointed by the United States District Court for the District of Columbia to act as a receiver/conservator for the Flowerland Entities, the issuers of securities which were sold pursuant to allegedly false offering circulars. In Count I, Baker asserts claims for violations of Section 17(a) of the Securities Act of 1933, § 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 against all named defendants. Counts II through VI are pendent state claims for negligence, fraud, professional malpractice, breach of contract, and indemnification. Only the pendent claim for fraud and misrepresentation is asserted against the defendant DANIA BANK. The parties have already stipulated to dismissal of Counts VII and VIII against defendant CLARIDEN BANK.

This action is substantially similar to a prior action filed by Baker in the United States District Court for the District of Columbia, *Baker v. Adler, et al.,* Civil Action No. 81–1779. In that action Baker also asserted claims for violations of federal securities laws against an attorney and his law firm who performed legal services in connection with the issuance of securities for the Flowerland Entities. By opinion dated April 8, 1982, the Honorable John H. Pratt, District Judge for the District Court for the District of Columbia, dismissed Baker's federal claims on the ground that the Flowerland Entities, the issuers of the securities, lacked standing to assert such claims.

This court adopts the reasoning of the District Court for the District of Columbia and finds that Baker and the Flowerland Entities which he represents lack standing to assert any claims for violations of the federal securities laws.

In Count I, Baker alleges that defendants Cherry, Bekaert & Holland, Jackson L. Morris, and Dania Bank, knew or were reckless in not knowing, that the financial statements which were incorporated into offering circulars or sent to investors were false. Plaintiff Baker states claims for violations of Section 17(a) of the 1933 Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 15 C.F.R. § 240.-10b–5, promulgated thereunder.

A plaintiff must be a buyer or seller of securities who was damaged by the alleged violations of the securities laws to recover thereunder. *See: Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). In the present action, as in the *Adler* action, plaintiff represents entities which benefitted from, rather than were damaged by, the alleged violations. Plaintiff, therefore, lacks standing to assert a claim for violations of the federal securities laws. *See: Baker v. Adler,* D.C.D.C. Civil Action No. 81–1779, Memorandum Opinion, April 8, 1982 at pages 3–4; *Canut v. Lyons,* 450 F.Supp. 26 (C.D.Cal.1977).

In *Canut, supra,* plaintiff was a court-appointed conservator for a number of limited partnerships. As in the instant case, the *Canut* plaintiff asserted claims for violation of the federal securities laws on behalf of the entities which had issued the securities alleged to have been marketed pursuant of a fraudulent scheme. The plaintiff in *Canut,* was not granted the power to rep-

resent individual investors in the partnerships.

Defendants moved to dismiss the claims for violation of the federal securities laws on the ground that the plaintiff lacked standing to sue thereunder. Granting the motion, the court noted:

Lyons Oil [the issuer] was a seller of the partnership interests, however, so the conservator may maintain an action in its behalf, if the corporation's sale of securities gave it an action under the statutes. In this case, the corporation does not have an action under Section 17, Section 10, or Rule 10b–5, because it has suffered no damages. On the contrary, Lyons Oil was the beneficiary of the alleged fraud perpetrated herein. *Id.* at 29.

The plaintiff in this cause also represents the entities which sold the securities and received the benefits from any alleged violation of the federal securities laws and likewise lacks standing to assert a claim for violation of §§ 17(a) and 10(b), or Rule 10b–5.

Since the plaintiff has no standing to assert any violation of the federal securities laws, this court lacks subject matter jurisdiction over plaintiff's pendent state claims against the defendants. *See: United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1977); *Daniels v. All Steel Equipment, Inc.,* 590 F.2d 111 (5th Cir. 1979); *Canut v. Lyons, supra,* 450 F.Supp. 26, 32.

It is within this court's discretion to exercise its pendent jurisdiction over state claims when a substantial federal claim is asserted. When the federal claim is dismissed pursuant to a Rule 12(b)(6) motion, however, it would be an abuse of discretion to retain jurisdiction over the state claims absent unusual circumstances not present here. *See: Nolan v. Meyer,* 520 F.2d 1276 (2d Cir.1975), *cert. denied* 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975).

Plaintiff argues that the state claims may be time-barred if dismissed by this court, however, he makes no specific showing of this allegation. Absent any showing of potential prejudice arising from remanding this case to the state courts, this court finds it is without jurisdiction over the pendent state claims.

Plaintiff also invokes this court's jurisdiction under the doctrine of ancillary jurisdiction. *See: 7 Moore's Federal Practice,* ¶ 66.07[1], p. 1040.

Plaintiff relies primarily on two statutes, 28 U.S.C. § 754 and 28 U.S.C. § 1692, for the proposition that jurisdiction over the state claims can be conferred under the doctrine of ancillary jurisdiction.

Plaintiff's reliance on these two statutes is misplaced. As explained in *7 Moore's Federal Practice,* ¶ 66.07[1], p. 1934, § 754 restates Rule 66 of the Federal Rules of Civil Procedure, which had been amended solely to afford a federal receiver the capacity to sue and be sued without filing ancillary proceedings in another district. The fact that a federal receiver has the capacity to sue in another district and files an action in a federal court does not, however, confer subject matter jurisdiction upon that court. *United States v. Franklin National Bank,* 512 F.2d 245 (2d Cir.1975).

In *Franklin, supra,* a receiver appointed by the United States District Court for the Southern District of New York filed an action for corporate mismanagement in the United States District for the Eastern District of New York. Summary Judgment had been entered in favor of the receiver, from which the defendants had appealed. *Id.* at 246–247.

Upon consideration of whether a federal receivership appointment would constitute a basis for jurisdiction, the court noted the Comments of the Advisory Committee relating to Rule 66 (the precursor of 28 U.S.C. § 754):

... makes clear that giving the receiver automatic capacity to sue was only intended to streamline federal practice, and does not mention any change in the law with respect to jurisdiction ... Thus, the earlier learning with respect to jurisdiction over actions brought by receivers is still relevant. *Id.* at 249.

Upon review of that "earlier learning", the court in *Franklin,* first noted that, if the action had been filed in the district in which the receiver had been appointed, no independent jurisdictional grounds need be shown. *Id.* at 249. The court further noted that the rationale behind such ancillary jurisdiction did not, however, apply to actions filed by a receiver in a district other than the one in which he was appointed. The court relied on the treatises and various United States Supreme Court opinions touching on the issue in ruling that:

> ... the presence of a federally appointed receiver does not make the case one arising under the laws of the United States .... Nor does [the receiver's] claim against Franklin for an "improper and unlawful payment" from [the estate's] account raise any issues of federal law. *Id.* at 251.

This court concurs with the court's opinion in *Franklin.* The mere presence of a federally appointed receiver does not confer subject matter jurisdiction upon this court. The cases cited by plaintiff, *Pope v. Louisville, New Albany & Chicago Railway Co.,* 173 U.S. 573, 19 S.Ct. 500, 43 L.Ed. 814 (1899) and *Haile v. Henderson National Bank,* 657 F.2d 816 (6th Cir.1981), are inapposite for in both cases the federal receiver had been appointed by the court in which the action was filed.

Count VI of plaintiff's complaint asserts a claim against defendants for indemnity or contribution. Plaintiff asserts that even if the Flowerland Entities cannot be indemnified for violations of the federal securities laws, they have a right to contribution from defendants for investors' claims paid in the receivership proceedings. An investor class action, *Hudson, et al., v. Capital Management International, Inc., et al.,* 565 F.Supp. 615 (1983) is presently pending before the United States District Court for the Northern District of California. The defendants' liability to investors will be litigated in the *Hudson* action, therefore, this court finds that the plaintiff has no standing in this cause to assert a claim for contribution arising from investors claims in the receivership proceedings.

In conclusion, the court finds that plaintiff does not represent a purchaser or seller of securities who has been damaged by securities laws violations and therefore has no standing to maintain a claim as set forth in Count I of the complaint. The federal claim being dismissed, the court lacks subject matter jurisdiction over the remaining pendent state claims. The court further finds that the doctrine of ancillary jurisdiction does not apply to the state claims herein because the Special Agent was not appointed by this court.

Based upon the foregoing, Counts I through VI should be dismissed against the defendants Dania Bank, Jackson L. Morris, and Cherry, Bekaert & Holland.

Accordingly, it is

ORDERED AND ADJUDGED as follows:

(1) That Counts I through VI of plaintiff, Special Agent Robert A. Baker's complaint be and the same is hereby DISMISSED with prejudice against the defendants, CHERRY, BEKEART & HOLLAND and JACKSON L. MORRIS.

(2) That Count I and Count III of plaintiff, Special Agent Robert A. Baker's, complaint be and the same is hereby DISMISSED with prejudice against defendant DANIA BANK.