INTERNATIONAL PAINT COMPANY,
INC., Plaintiff,

v.

GROW GROUP, INC., Charles Grubbs,
Joseph Quinn, Marilyn Harris, Albert
Kloos, and Vijay Datta, Defendants.

No. 86 Civ. 2131 (RLC).

United States District Court,
S.D. New York.

Oct. 22, 1986.

Hedman, Gibson, Costigan & Hoare, P.C., New York City, for plaintiff; James V. Costigan, of counsel.

Parker Chapin Flattau & Klimpl, New York City, for defendants; Mark Abramowitz, Mark Offen, Patricia L. Truscelli, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

This action is brought here against five individual defendants who are residents of Kentucky and a corporate defendant, Grow Group, Inc. ("Grow"). The corporation is a specialty chemical company and operates through its various divisions and subsidiaries on a decentralized basis. Grow's corporate headquarters is in New York, but the division—Devoe Marine—whose products and activities are challenged, is headquartered in Louisville, Kentucky.

Plaintiff asserts jurisdiction under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and asserts that venue is proper under 18 U.S.C. § 1965(b) which provides that in a RICO action party defendants in another district may be brought before the court where the ends of justice require.

Defendants have moved to dismiss under Rule 12, F.R.Civ.P., for lack of subject matter jurisdiction, failure to state a claim on which relief can be granted, lack of jurisdiction over the individual defendants and for improper venue or in the alternative for a transfer pursuant to 28 U.S.C. § 1404(a) or 1406(a) to the Western District of Kentucky.

The individual defendants have all filed affidavits asserting that they are residents of Kentucky, and that they do not maintain a telephone listing, or offices to transfer business or property in New York, except for Charles Grubbs, who asserts that he is a Missouri resident. 28 U.S.C. § 1391(b) provides that non-diversity civil actions are to be bought in the district in which all the defendants reside or where the action arose. On the face of the amended complaint the individual defendants are not New York residents. There is no allegation that any claim asserted arose in New York either in respect of the Lanham Act allegations or the RICO claim. Since the corporate defendant has its headquarters here, 28 U.S.C. § 1391(c) provides the basis for jurisdiction over it. 18 U.S.C. § 1965(a) provides jurisdiction over a defendant in the district where he is physically present, transacts business or has an agent, but on the basis of this record that statute provides no ground for jurisdiction over the individual defendants.

A plaintiff must affirmatively establish the basis for personal jurisdiction over a defendant. *Lehigh Valley Industries, Inc. v. Birenbaum,* 527 F.2d 87, 92 (2d Cir.1975). Failure to do so necessarily results in dismissal. Both venue and jurisdiction are clearly improper in this forum as to the individual defendants and the action must be dismissed as to them. Accordingly, the motion to dismiss against the individual defendants is granted.

Subject matter jurisdiction under the Lanham Act is lacking since jurisdiction under that statute is improperly predicated on a failure to cite an active ingredient on the labels of Grow's products. It should be added parenthetically at least that the labels in question were approved by the Environmental Protection Agency ("EPA"). In any event, this court has construed the reach of § 43(a) of the Lanham Act proscription against the false representations as imposing no affirmative duty of disclosure. *McNeilab, Inc. v. American Home Products Corp.,* 501 F.Supp. 517, 532 (S.D. N.Y.1980) (Lasker, J.) ("a failure to inform consumers of something, even something that they should know, is not *per se* a

misrepresentation actionable under section 43(a) of the Lanham Act."); *accord Universal City Studios, Inc. v. Sony Corporation of America,* 429 F.Supp. 407, 410 (C.D.Cal.1977) ("It is hard to see how a simple failure to disclose can be brought within its [the Lanham Act's] terms. No reference to omissions of material fact or obligation to disclose ... appears. The key language seems to be 'false description,' false 'representation,' and false 'designation of origin.' The absence of any statement is neither 'false' nor a 'representation.' "). The failure of the corporate defendant to list various ingredients does not constitute a Lanham Act violation.

■■■ The RICO allegations are also insufficient to provide subject matter jurisdiction. The statute requires a showing of an ongoing enterprise through which defendants engaged in a pattern of racketeering activities and there must be a showing of two predicate acts which must be linked to the pattern and not separate isolated acts. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). There has been no showing of an ongoing enterprise. A general assertion that a group of defendants constituted an "enterprise" does not suffice. The enterprise must be ongoing and with associates functioning as a continuing unit. *Laterza v. American Broadcasting Co.,* 581 F.Supp. 408, 414 (S.D.N.Y.1984) (Werker, J.). The allegations in this complaint do not satisfy these requirements. Moreover, there is no allegation that any acts giving rise to a RICO violation occurred in New York.

■■ Since the federal claims cannot withstand a motion to dismiss before trial, the pendent state claims must also be dismissed. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *McLearn v. Cowen & Co.,* 660 F.2d 845, 848 (2d Cir.1981).

■■ While the court could transfer this case to the Western District of Kentucky, that does not seem warranted. As the amended complaint now stands, subject matter jurisdiction is not properly alleged. Accordingly, the action is dismissed as a whole.

IT IS SO ORDERED.