**COALITION AGAINST COLUMBUS CENTER, Selma Arnold, Ross Graham, Al Hehn, Columbus Center Travel, Ltd., and Coalition Against Lincoln West, Inc., Plaintiffs,**

v.

**The CITY OF NEW YORK, The Board of Estimate of the City of New York, The Department of Housing Preservation and Development of the City of New York, The Metropolitan Transportation Agency, The Triborough Bridge and Tunnel Authority, The New York City Industrial Development Agency and Coliseum Associates, Defendants.**

**89 Civ. 5904 (SWK).**

United States District Court,
S.D. New York.

Feb. 5, 1990.

**94**

Stults and Marshall, New York City by Jon Van Der Tuin, for plaintiffs.

Patterson, Belknap, Webb and Tyler, New York City by Robert LoBue, for All Public defendants, The City of New York, The Bd. of Estimate of the City of New York, The Dept. of Housing Preservation and Development of The City of New York, The Metropolitan Transp. Agency, The Triborough Bridge and Tunnel Authority, and The New York City Indus. Development Agency.

Paul, Weiss, Rifkind, Wharton and Garrison, New York City by Steven Landers, for defendant, Coliseum Associates.

## MEMORANDUM AND ORDER

KRAM, District Judge.

This case concerns the proposed building of "Columbus Center," a mixed-use redevelopment project involving retail, office, cinema and residential space in Manhattan. The seller of the site is the defendant Triborough Bridge and Tunnel Authority ("TBTA"), and the developer is Boston Properties, acting through defendant Coliseum Associates. The plaintiffs are a number of neighborhood organizations and individuals who challenge the project on six grounds, including two federal and four pendent state causes of action.[1] Cross-motions for summary judgment are currently pending before the Court. However, defendants City of New York and its related agencies (the "public defendants") have moved this Court for dismissal of plaintiffs' Clean Air Act claim, and consequently the entire action, in light of a recent Supreme Court opinion.

### I. Dismissal of Clean Air Act Claim

The Clean Air Act requires that plaintiffs satisfy a statutory 60–day notice period before filing suit. 42 U.S.C.

---

1. The six claims are: (1) Federal Clean Air Act violations; (2) lack of State and City permits for garage portion of the project; (3) and (4) failure to comply with City industrial regulations; (5) violation of State conflict of interest laws; and (6) violation of the Federal Housing Act of 1949.

§ 7604(b).[2] Plaintiffs concede their failure to comply with this requirement, having noticed the relevant parties only six days before commencing suit. Recently, in *Hallstrom v. Tillamook County*, — U.S. ——, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), the Supreme Court dismissed a long-standing lawsuit because of plaintiffs' failure strictly to comply with an identical 60–day notice period.[3] Accordingly, the public defendants have moved this Court to dismiss plaintiffs' Clean Air Act claims. This Court has considered the respective parties' briefs and arguments on this question at conference.

*Hallstrom* held that RCRA's 60–day notice period was a "mandatory, not optional, condition precedent for suit." — U.S. at ——, 110 S.Ct. at 309. On that ground the Supreme Court dismissed, with leave to refile, a lawsuit that was seven years old and had been litigated to judgment in the District Court over the course of four years. — U.S. at ——, 110 S.Ct. at 310.

This Court wishes to avoid subjecting its final judgment in this case to a similar attack after protracted proceedings, as occurred in *Hallstrom*. Such a result would be tremendously inefficient. Therefore, this Court will dismiss plaintiffs' Clean Air Act claim without prejudice. Because sixty days have now passed since plaintiffs gave notice to the relevant parties, plaintiffs may, and this Court is given to understand that they will, refile immediately.

II. Dismissal of Pendent State Claims

The public defendants have further moved this Court, pursuant to Fed.R.Civ.P. 12(h)(3), to dismiss the entire action for lack of subject matter jurisdiction. They argue that Court's dismissal of the Clean Air Act claim, coupled with plaintiffs' abandonment of their only other federal cause of action, leaves the pendent state claims without a federal jurisdictional basis. The parties have conferenced this issue before the Court and have submitted additional briefs on the subject.

During the briefing of the pending summary judgment motions, plaintiffs conceded that they do not have standing to bring their only other federal claim, purportedly arising from the now-defunct Federal Housing Act of 1949. Consequently, the public defendants argue that there is no longer a basis for federal court jurisdiction, and that this Court must dismiss the entire action, including the four pendent state claims, albeit temporarily.

The public defendants, along with the plaintiffs, are eager for a final judgment which is not clouded by unresolved jurisdictional problems.[4] Defendant Coliseum Associates, on the other hand, seeks to persuade the Court that it can and should retain jurisdiction over the four pendent state claims even though it temporarily dismisses the Clean Air Act claim. Their motivation for wishing the Court not to dismiss the entire action is somewhat collateral to the issues presently before the Court. Their contract with the City provides that the closing on the property would be postponed until after the final resolution of any litigation that might arise within four months of the signing of the contract. The present action was filed just two weeks before that four month period expired. Therefore, if the Court dismisses with leave to refile, the newly-refiled action will fall outside of this period and the City could potentially move towards closing the transaction without final disposition of this lawsuit. Coliseum Associates naturally wishes to avoid this situation, whereas the

---

**2.** That section provides: "No action may be commenced ... prior to 60 days after the plaintiff has given notice of the violation ... to the Administrator" of the EPA.

**3.** The statute involved in *Hallstrom* was the Resource Conservation and Recovery Act ("RCRA"). The wording of the 60–day notice period is precisely the same as in the Clean Air Act, and indeed was expressly modeled on it. 42 U.S.C. § 6972(b).

**4.** The plaintiffs and public defendants apparently wish to avoid repeating the waste that occurred in the *Hallstrom* litigation. Nonetheless, plaintiffs do not quite consent to dismissal. They assert that *Hallstrom* does not apply here, but if the Court disagrees, they have stated that they will simply refile immediately.

City would prefer to be free to go to closing.

Accordingly, Coliseum Associates argues that this Court has discretion to retain jurisdiction over the pendent state claims while plaintiffs refile their Clean Air Act claim, whereas the public defendants maintain either that this Court has no such discretion or that it should not exercise that discretion to keep the state claims.

 This Court takes no position on the question of whether it has such discretion or not, because in either event it would dismiss the entire case with leave to refile. On one hand, if the federal claims are dismissed for lack of subject matter jurisdiction, the state law claims must be dismissed as well. *Local Div. 732 v. M.A.R. T.A.*, 667 F.2d 1327, 1345 (11th Cir.1982). On the other hand, if the federal claims are dismissed for substantive reasons, for example on a summary judgment motion, this Court has discretion to retain jurisdiction over pendent state claims. *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir.), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986). However, in the interest of comity, such discretion is limited: the Second Circuit instructs that "absent exceptional circumstances," where federal claims can be disposed of on summary judgment grounds, courts should "abstain from exercising pendent jurisdiction." *Time Life Films, supra*, 784 F.2d at 53. This Court itself has stated that dismissal under these circumstances is "recommended." *Kaplan v. Shapiro*, 655 F.Supp. 336, 342 (S.D.N.Y.1987). Factors to be considered include (1) the length of time the matter has been pending before the federal court; (2) the proximity of the trial date; and (3) the predominance of issues of federal, as opposed to local, concern. *McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir.1981) (no federal district court jurisdiction where no trial held, no substantial investment of time and energy on state law issue, and state claim was not closely tied to questions of federal policy).

 It is not clear whether the Clean Air Act's 60–day notice period is "jurisdictional"; the *Hallstrom* Court expressly reserved that question in its opinion.[5] If it is, then obviously this Court could not retain jurisdiction over the pendent state claims after dismissal of the Clean Air Act claim.[6] However, even if it is not, all of the discretionary factors weigh in favor of dismissal of the pendent state claims. The case is just at the beginning stages; no trial date has been set, or indeed is even imminent; and the state claims involve mostly municipal regulations, not questions of federal policy. Coliseum Associates' arguments in favor of this Court retaining jurisdiction over the pendent state claims are merely efforts to secure a collateral advantage in postponing the closing date, and as such are unpersuasive. In the interest of protecting the integrity of the Court's final judgment in this case, the Court will dismiss this entire action with leave to refile.

### CONCLUSION

Plaintiffs' Clean Air Act claim is hereby dismissed with leave to refile. As to the

---

**5.** The Court said: "We hold that the notice and 60–day delay requirements are mandatory conditions precedent to commencing suit.... In light of our literal interpretation of the statutory requirement, we need not determine whether § 6972(b) is jurisdictional in the strict sense of the term." —— U.S. at ——, 110 S.Ct. at 311.

**6.** Coliseum Associates argues that even in this situation the Court could base jurisdiction on the other federal cause of action in the complaint, the Federal Housing Act claim. However, plaintiffs have expressed their intention to abandon this claim, both through a letter to the Court, dated November 27, 1989, and by their lack of a response to defendants' motion for dismissal of that claim. Moreover, there is evidence before this Court, in the form of a letter from Regional Counsel to the U.S.Department of Housing and Urban Development, that that agency's predecessor issued a Certificate of Completion to the City regarding Federal Housing Act requirements for the Columbus Circle site some 25 years ago. Letter of John P. Dellera, dated October 2, 1989, attached as page 30 to Defendants' Memorandum of Law in Support of Dismissal. In light of these facts, plaintiffs' Federal Housing Act claim clearly lacks substance, and the Coliseum defendants' reliance upon it for jurisdictional purposes is wholly unfounded. *See, Hughes v. Patrolmen's Benevolent Ass'n of City of N.Y.*, 850 F.2d 876, 881 (2d Cir.1988) ("if, during the course of trial, it becomes apparent that the federal claims are discernibly meritless, both the federal and pendent state law claims must be dismissed.")

pendent state claims, the Court either lacks jurisdiction, or alternatively, declines in its discretion to retain such jurisdiction.

SO ORDERED.